(85 South. 6)

MOON v. LOLLAR.    (6 Div. 994.)

(Supreme Court of Alabama.    Jan. 15, 1920.)

1. APPEAL AND ERROR ⬲1008(1) — CONCLUSION OF TRIAL COURT ON EVIDENCE HEARD ORE TENUS NOT DISTURBED.

Where the trial court hears the evidence ore tenus, its conclusion is like that of a jury, not to be disturbed unless plainly erroneous.

2. HIGHWAYS ⬲7(3)—USER MUST BE CONFINED TO DEFINITE LINE TO CREATE WAY BY PRESCRIPTION.

In order to create a highway by prescription, the user must be confined to a definite and specific line of way, though slight deviations from the thread of the way, not amounting to change, will not defeat establishment; it being necessary the way should remain substantially the same for the required period.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Bill by T. J. Moon against W. H. Lollar, to enjoin an obstruction of a public highway. From decree denying the relief prayed, complainant appeals. Affirmed.

Ray & Cooner, of Jasper, for appellant. Counsel cite the following authorities in support of its contention that the court erred in the decree rendered: 122 Ala. 184, 27 South. 303; 129 Ala. 478, 29 South. 683, 87 Am. St. Rep. 71; 128 Ala. 208, 30 South. 526, 55 L. R. A. 211; 66 Ala. 89; 84 Ala. 220, 4 South. 153; 111 Ala. 148, 18 South. 565, 56 Am. St. Rep. 26; 152 Ala. 354, 44 South. 579; 74 South. 335; 202 Ala. 307, 80 South. 372.

J. H. Bankhead, Jr., of Jasper, for appellee. A great deal of the evidence was taken ore tenus, and the court's finding will not be disturbed, unless clearly erroneous. 76 South. 932; 202 Ala. 216, 80 South. 38. As to the dedication and obstruction, counsel cites 170 Ala. 278, 54 South. 236, as conclusive of the question.

McCLELLAN, J. [1] The complainant (appellant) filed this bill against defendant (appellee), seeking equity's injunctive process to require defendant to remove obstructions (fences) from a way averred to be a public highway. The determinative inquiry was whether the way described in the bill was a public highway. The testimony on the issues was taken by the oral examination of the witnesses. The court denied the relief prayed; the conclusion prevailing as appears from statements in the court's opinion, that neither dedication nor right in the public by prescription had been effected; that the way against the obstruction of which relief was sought was not shown to have had a fixed location; that it was a shifting, unstable

---

⬲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

way. The appellee invokes the application of the rule that where the trial court hears the evidence ore tenus its conclusion on the evidence is like that of a jury, not to be disturbed unless plainly erroneous. Fitzpatrick v. Stringer, 200 Ala. 574, 76 South. 932, and other cases in that line. The rule invoked is due to be observed on consideration of this appeal.

[2] The rules of law by which it is to be determined whether dedication of land or a way over land to public use or the creation of such right of use or easement in the public by prescription, has been effected, have been stated in Moragne v. Gadsden, 170 Ala. 124, 54 South. 518; Lynne v. Ralph, 201 Ala. 535, 78 South. 889. "In order to create a highway by prescription the user must be confined to a definite and specific line of way," though slight deviations from the thread of the way, not amounting to a change thereof, will not defeat the establishment of the way by prescription; it being necessary that the way shall be and remain, for the requisite period, substantially the same. 37 Cyc., notes, p. 22; Lynne v. Ralph, supra; Gentleman v. Soule, 32 Ill. 271, 83 Am. Dec. 264; Starr v. People, 17 Colo. 458, 30 Pac. 64. The like rule is serviceable in determining dedication vel non.

The whole evidence has been carefully considered; and upon its conflicting effects on the issues indicated it cannot be held here that the trial court erred in the attainment of conclusions that required the denial of the relief sought

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.