J. MORGAN HOLLOWAY, respondent,

*v.*

FRANK HENDRICK et al., appellants.

[Decided June 18th, 1925.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder, who delivered the following opinion:

"Mountain Lakes, Inc., entered into a contract with the defendant Frank Hendrick, dated March 18th, 1920, whereby the former agreed to sell, and the latter agreed to purchase, three lots of land upon which the seller, by the terms of the contract, was to erect a dwelling-house. The consideration named in the contract for the land and building was $22,200, of which $12,200 was to be paid in cash and the balance, $10,000, was to be paid at the time of taking title, by the purchaser 'assuming and agreeing to pay a certain first mortgage of $10,000.' By the terms of the contract, title was to close on or before July 1st, 1920. The contract was duly recorded July 2d, 1920.

"Subsequently to the date of the contract, Mountain Lakes, Inc., executed a mortgage, dated April 29th, 1920, to the North Jersey Title Insurance Company, to secure the payment of $15,000, covering the three lots agreed to be con-

veyed to Hendrick, and nine other lots, which mortgage was recorded May 6th, 1920. By deed dated July 1st, 1920, recorded July 9th, 1920, Mountain Lakes, Inc., conveyed to Hendrick the three lots in question, which conveyance was expressly made subject to the mortgage for $15,000 and by deed dated July 14th, 1920, recorded July 15th, 1920, Hendrick conveyed two of said lots to Lillian E. Mason, who, by deed dated and recorded on the same dates, conveyed said two lots to the defendant Katherine E. M. Hendrick (wife of Frank Hendrick), both deeds being made expressly subject to said mortgage of $15,000. By release of mortgage dated November 22d, 1920, recorded November 24th, 1920, H. J. Hapgood, who then owned the mortgage by assignment, released to Mountain Lakes, Inc., for the consideration of $5,000, all lots covered by the mortgage except the three conveyed to the defendant Frank Hendrick, leaving said three lots subject to the balance of $10,000 secured by said mortgage. The mortgage was thereafter assigned to the complainant, who by this suit seeks its foreclosure, claiming $10,000 and interest due thereon. The complainant is a stranger to all the transactions herein mentioned and is bound only by such notice as the record gives.

"The first defense presented is that the mortgage, the deed from Mountain Lakes, Inc., to Frank Hendrick and the release of mortgage, were not properly acknowledged because the person who, as a foreign commissioner for New Jersey in New York, certified such acknowledgments, was not such a commissioner, and, therefore, these instruments were not properly recorded and are not notice to anyone. The only proof offered by the defendants to show that the certifying commissioner was not, in fact, such commissioner, was a certificate under the hand and seal of the secretary of state of New Jersey, purporting to certify such fact. The offer of such certificate in evidence was rejected as not proper evidence of the fact sought to be proved. Even were the acknowledgments defective and were these instruments not proper, for that reason, to be recorded, and, therefore, not constructive notice to anyone, the defendants had actual no-

tice of the mortgage because it is recited in their deeds; and the deed from Mountain Lakes, Inc., to Hendrick is good as between the grantor and grantee, without any acknowledgment, and it does not appear that anyone has questioned the defendants' title thereunder; and the release of mortgage is valid between the releasor and the mortgagor, without an acknowledgment, and it does not appear that anyone other than the defendants question its effect as a valid release of the mortgage lien. In his bill of complaint the complainant admits notice of the deed and the release of mortgage.

"The defendants claim that the instrument mentioned, and the various assignments through which the mortgage came into the complainant's ownership, were not properly proved on the hearing of this cause, the basis of their contention being that they gave due notice to the complainant before the hearing, under *Comp. Stat. p. 1555 § 56,* that they would require the complainant to produce the original instruments instead of the record thereof. Why the record would not have been sufficient proof, and the reason for the demand, is not apparent from anything in the case, but in compliance with the demand the complainant did produce all the original instruments, except the release of mortgage, which release was executed and delivered to Mountain Lakes, Inc., and, presumably, was not in complainant's possession. This release was proved by the admission in evidence of a certified copy of the record, to which admission the defendants made no objection, and it is impossible to perceive how such certified copy, rather than the original, could have been detrimental to any defense set up by the defendants.

"The next defense presented is that the dwelling-house erected upon the mortgaged premises is not subject to the mortgage because it was not in existence when the mortgage was executed and delivered. As between the owner of the land and the mortgagee, any improvement placed on the land as part of the freehold becomes subject to the lien of the mortgage, and in this case it is expressly stated in the mortgage that it is to cover a house on the lots in question. It does not appear that there were any equities in favor of the

owner as against the holder of the mortgage at the time the house was erected which would change or modify the rule, or, if there were, that the complainant had notice of such equities.

"The next defense interposed is that Hapgood, the owner of the $15,000 mortgage at the time he executed and delivered the release to Mountain Lakes, Inc., had no right to release nine lots. from the lien of the mortgage for a consideration of $5,000, and subject to the defendants' three lots and the dwelling-house thereon, to the lien of the balance of the mortgage.  The contract between the defendant Frank Hendrick and Mountain Lakes, Inc., was that Hendrick should pay $22,200 for a dwelling-house and three lots, of which consideration $10,000 was to be paid by assuming, or taking title subject to, a mortgage for that amount, which mortgage, as appears from the wording of the contract, was to be a lien on the property prior to the conveyance to Hendrick.  Between the date of the contract and the delivery of the deed to Hendrick, Mountain Lakes, Inc., created a mortgage lien on the house and lots and on nine other lots of $15,000, and Hendrick took title expressly subject to this mortgage, and in the settlement of the purchase price, under the terms of the contract, he was allowed credit for $10,000 on account of this mortgage lien.  From the evidence on the part of the defendants it appears that title was so taken, rather than in strict accordance with the contract, because Hendrick feared that Mountain Lakes, Inc., was in financial straits and might go into the hands of a receiver or be adjudged a bankrupt, and Hendrick wanted title before either of these things occurred.  Whether or not his fear was well founded does not appear, but he took title subject to the $15,000 mortgage, after demanding a conveyance, in accordance with the terms of his contract, as to the mortgage lien, and protesting against a mortgage for $15,000 which covered his lots and other property.  It is my recollection that the evidence shows that his grantor then promised to have the mortgage released as to the other property, and to make a payment on the mortgage which would reduce

it to $10,000; but however that may be, while title to the three lots was in Hendrick, and also after he had conveyed two of them to his wife, he continued his demand for himself and as agent for his wife, that the mortgage be reduced to a mortgage of $10,000 on said three lots. Hapgood was president of Mountain Lakes, Inc., from the time the contract between the company and Hendrick was entered into to the execution of the deed to Hendrick, and he knew that Hendrick claimed to be entitled to a conveyance of his lots subject to a $10,000 mortgage, and when, in November, 1920, Hapgood became the owner of the mortgage by assignment, he complied with Hendrick's demand, and by the execution and delivery of his release, Hapgood reduced the mortgage to $10,000 and made it a lien only on the three lots in question. Thus, Hendrick and his wife (the latter having notice of the terms of the original contract because it was recorded) were placed in the position, with respect to the principal amount of the mortgage, in which they demanded they should be placed, and thereafter they made payments of interest on a $10,000 mortgage down to April, 1923. It is impossible to conceive how the release injuriously affected their rights. Rather, it conceded and established their rights according to their contention.

"Finally, the defendants claim that the house which Mountain Lakes, Inc., agreed to construct upon the land in question does not conform to the house for which the defendant Frank Hendrick contracted, and, therefore, the defendants owe nothing on the mortgage. This claim is stated in a nebulous fashion, and the evidence does not support it. Had it been established that the house was not constructed according to the contract, and had this been a purchase-money mortgage, the defendants might be entitled to a set-off or to an abatement, as against the mortgage debt, but this was not a purchase-money mortgage. Under his contract the defendant Frank Hendrick was to take title subject to a mortgage which Mountain Lakes, Inc., was to secure on the property before conveying to Hendrick, and this mortgage

was executed by Mountain Lakes, Inc., to North Jersey Title Insurance Company, before the construction of the house was begun and the mortgage had passed, by assignment, to the Hackensack Trust Company before the deed to Hendrick was delivered. When Hendrick took title and made the balance of his cash payment under his contract, his right was to have such equities as he now claims arose under his contract with Mountain Lakes, Inc., adjusted with that company, and such equities did not extend as against the mortgagee and the assignee of the mortgage, because they were strangers to said contract. The defendant Mrs. Hendrick has no equities arising under said contract as against the complainant. She was not a party to the contract, and she took title to two of the lots expressly subject to the mortgage. She must be deemed to have retained from the consideration which moved from her on the purchase of those lots a sufficient sum to pay the principal of the mortgage. If she could make this defense, and avoid the payment of the whole or part of the sum she retained, she would receive the benefit of the amount of the consideration money she retained, although she has sustained no damage.

"The voluminous brief and reply brief filed on behalf of the defendants set up other matters of defense which I do not consider of sufficient merit even to discuss.

"There will be a decree in favor of the complainant for $10,000, with interest from April 29th, 1923."

*Mr. George R. Beach* and *Mr. Thomas G. Haight,* for the complainant.

*Mr. Frank Hendrick* and *Mrs. Katherine E. M. Hendrick,* *pro sese.*

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Fielder.

*·For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, JJ. 13.

*For reversal*—None.