168 So. 566

**VIKING EQUIPMENT CO. v. PRUDENTIAL INS. CO. OF AMERICA et al.**

6 Div. 890.

Supreme Court of Alabama.

May 21, 1936.

Rehearing Denied June 11, 1936.

Ritter, Wynn & Carmichael and Victor H. Smith, all of Birmingham, for appellant.

544

W. H. Woolverton, of Birmingham, for appellees.

KNIGHT, Justice.

Action of detinue and trover brought by plaintiff, appellant here, against the appellees.

The cause was tried by the court, without a jury, and judgment rendered in favor of the defendants, and from this judgment the plaintiff prosecutes this appeal.

It appears from the evidence that W. D. McEachern and J. W. Pass borrowed of the appellee Prudential Insurance Company of America the sum of $50,000, and, to secure said loan, executed and delivered to the Prudential Insurance Company of America a mortgage on certain real estate, and the improvements thereon, located in Jefferson county, Ala. This mortgage was executed on September 8, 1927, and duly filed for record on September 17, 1927. After the execution and recordation of this mortgage, and while it was in full force and effect, the said McEachern and Pass entered into a contract with Crawford and Slaten for the installation of an automatic sprinkler system on the property. This contract provided, inter alia:

"The equipment and the materials therefor before, during and after the installation shall be and remain the property of the contractor (seller), and shall remain and be considered as personal property, and not part of the realty, until the title thereto is acquired by the owner, as therein provided. * * *

"Upon failure of the owner to make any of the payments as and when they may be-come due under the provisions of this agreement, or fully to comply with all the terms and covenants of this agreement on its part to be kept and performed, or upon breach of any warranty herein, the contractor may exercise any one or more or all of the following rights:

"(a) Enter the above described premises and remove the equipment or any part or parts thereof;

"(b) Declare the full amount of unpaid installments to be immediately due and payable and to collect the same by suit or otherwise, with its expenses, including reasonable attorney's fees;

"(c) To take such other action as the contractor may deem advisable to enforce its rights hereunder."

This contract fully disclosed the existence at that time of appellee's mortgage.

The sprinkler system was duly installed, as per terms of the contract.

The said McEachern and Pass made default in the payment of the indebtedness secured by appellees' mortgage, and, upon the occurrence of this default, the mortgagee, the said Prudential Insurance Company of America, duly and regularly foreclosed its said mortgage, and became the purchaser at the foreclosure sale, and a deed on said foreclosure was made to the said mortgagee-purchaser. This deed was filed for record on January 11, 1933.

It was agreed that the said sprinkler system was installed without the knowledge or consent of the Prudential Insurance Company of America, or of any of its agents, servants, or employees.

It appears without dispute that the said McEachern and Pass made default in the payment of the installments of the purchase price of said sprinkler system.

It is to be noted also that this contract between McEachern and Pass with the said Crawford and Slaten was transferred to the plaintiff prior to the institution of this suit, but that the sprinkler system was installed by Crawford and Slaten.

It may also be observed that the evidence leaves no room to doubt that, if the sprinkler system had been installed by the mortgagors, owners, without any question of the reserved rights of the said Crawford and Slaten, the installation was accomplished in such way as to constitute the system a fixture, and the mortgagors would

not have had the right to remove the same. It would have been regarded as a permanent accession to the real estate, subject to the prior mortgage on the land executed by the owner. Grubbs et al. v. Hawes, 173 Ala. 383, 56 So. 227; Annely v. De Saussure, 12 S.C. 488, 517; Planter's Bank v. Lummus Cotton Gin Co., 132 S.C. 16, 128 S.E. 876, 41 A.L.R. 592; Kentucky Lumber & Mill Work Co. v. Kentucky Title Sav. Bank & Trust Co., 184 Ky. 244, 211 S. W. 765, 5 A.L.R. 391; Graeme v. Cullen, 23 Grat. (64 Va.) 266; Basham v. Goodholm & S. Investment Co., 52 Okl. 536, 152 P. 416; Holloway v. Hendrick, 98 N.J.Eq. 713, 129 A. 702.

This court in the recent case of Mallory et al. v. Agee, 226 Ala. 596, 147 So. 881, 88 A.L.R. 1107, committed itself to the proposition that a mortgagee, who purchases at his own foreclosure sale, does not by such purchase acquire the legal title to the property. Whatever legal title he has in the property is acquired by the mortgage, and the only effect of the foreclosure of the mortgage is to destroy the equity of redemption then in the mortgagor. He does not by the purchase, whether a deed, with warranty, is executed to him or not, become a bona fide purchaser in such way as to be protected against equities accruing after the execution of the mortgage.

██ The great weight of authority supports the view that, where the removal of the fixture will not materially injure the premises, a seller retaining title thereto may assert his right as against a prior mortgagee, or a prior mortgagee who purchases at his own foreclosure sale. But the mortgagor and the seller of the chattel annexed to the mortgaged premises can do no act which will impair the mortgagee's security. New Chester Water Co. v. Holly Mfg. Co., 3 C.C.A. 399, 53 F. 19, 3 U.S. App. 264; Beatrice Creamery Co. v. Sylvester, 65 Colo. 569, 179 P. 154, 13 A. L.R. 441; In re Frederica Water, Light & Power Co., 10 Del.Ch. 362, 93 A. 376; Anderson v. Creamery Package Mfg. Co., 8 Idaho, 200, 67 P. 493, 56 L.R.A. 554, 101 Am.St.Rep. 188; Schumacher v. Edward P. Allis Co., 70 Ill.App. 556; Bromich v. Burkholder, 98 Kan. 261, 158 P. 63, L.R.A. 1916F, 1275; Baldwin v. Young, 47 La.Ann. 1466, 17 So. 883; Northwestern Mut. Life Ins. Co. v. George, 77 Minn. 319, 79 N.W. 1028, 1064; Cochran v. Flint, 57 N.H. 514; General Electric

Co. v. Transit Equipment Co., 57 N.J.Eq. 460, 42 A. 101; Fitzgibbons Boiler Co. v. Manhasset Realty Corporation, 198 N.Y. 517, 92 N.E. 1084; Cox v. New Bern Lighting & Fuel Co., 151 N.C. 62, 65 S.E. 648, 134 Am.St.Rep. 966, 18 Ann.Cas. 936.

This statement of the rule has received the approval of this court. Broaddus v. Smith, 121 Ala. 335, 26 So. 34, 77 Am.St. Rep. 61; Warren v. Liddell, 110 Ala. 232, 20 So. 89; Alabama Machinery & Supply Co. v. Roquemore, 205 Ala. 244, 87 So. 435; Mallory v. Agee, supra; Cobb v. York Ice Machinery Corporation, 230 Ala. 95, 159 So. 811.

██ It thus appears that the real question presented on the trial was, Could the fixtures, placed on the premises by Crawford and Slaten, under the contract with the mortgagor, be removed without material injury to the realty?

There was evidence on behalf of the plaintiff which tended to show that the sprinkler system could be removed without injury to the physical structure, but the witness who gave this testimony also stated that, unless repairs were done on the building, after the removal of the sprinkler system, the building would be unsightly, but that the building itself would not be materially damaged.

On behalf of the defendants, there was testimony tending to show that it would cost upward of $800 to restore the building to its former condition before the installation of the sprinkler system, and to that extent the building would be damaged, and, of course, to that extent the mortgagee's security affected.

As we read the record, the evidence bearing upon the question as to whether the sprinkler system could be removed without injury to the property was in sharp conflict. The court saw and heard the witnesses testify, and has determined the issue against the plaintiff.

The finding of the trial court, which saw and heard the witnesses, based on conflicting evidence, will be accorded the same effect on appeal as a jury's verdict. In view of the evidence in the record, we would not be justified in reversing the judgment of the trial court on the disputed issue of fact. The plaintiff's belated offer on the trial to pay such damage that it might do in removing the sprinkler system could not have any effect in the decision

of the case. The plaintiff to recover in this action must not only show title, but the right to immediate possession at the time the suit is brought.

It follows, therefore, that the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.