36 So.2d 486

## MEANS v. HOLLIS et al.

2 Div. 238.

Supreme Court of Alamaba.

Jan. 15, 1948.

Rehearing Denied July 31, 1948.

Adams & Gilmore, of Grove Hill, for appellant.

C. W. Gross, of Tuscaloosa, for appellees.

BROWN, Justice.

The appeal in this case is from the final decree of the Circuit Court of Choctaw County, sitting in equity, dismissing the complainant's bill.

The bill filed by the appellant February 6, 1946, is not a statutory bill to quiet title under the provisions of §§ 1109 and 1110, Title 7, Code of 1940, and contains none of the statutory allegations requisite to bringing it within the influence of these statutes. The equity of the bill, therefore, must be found if at all upon settled principles of equity jurisprudence for removing cloud upon title of real property. The bill alleges that the complainant is the owner in fee simple and in possession of the land described in the bill. The onus of proving these allegations was on the complainant. The issues involved was tried on testimony given ore tenus in the presence of the court. The evidence falls short of showing such possession in complainant as would prevent him from maintaining an action of ejectment to recover the property.

The complainant having failed to show rightful possession in himself, the bill was properly dismissed, and under repeated rulings of this court, where the evidence is given ore tenus and is in conflict on questions of fact, we will not reverse. Moon v. Loller, 203 Ala. 672, 85 So. 6; Berger v. Dempster, 204 Ala. 305, 85 So. 392; Bell v. Blackshear, 206 Ala. 673, 91 So. 576; Smith's Executor v. Cockrell, 66 Ala. 64. The decree dismissing the bill is due to be affirmed. So ordered.

All the Justices concur.

Affirmed.

On Rehearing.

Upon this consideration we have concluded the proper order of dismissal as to complainant's bill should have been without prejudice. The affirmance here will be to that effect on the application for rehearing.

Application for rehearing overruled.

All the Justices concur.