232 So.2d 660

Charles W. WILLIAMS

v.

Edwin L. CLARK.

8 Div. 7.

Court of Civil Appeals of Alabama.

Feb. 18, 1970.

Rehearing Denied March 11, 1970.

Charles W. Williams, pro se.

No attorney on appeal for appellee.

WRIGHT, Judge.

This matter came on appeal from the County Court of Marshall County, Alabama. The plaintiff there is the appellant here. From a judgment for plaintiff entered by the court, sitting without a jury, plaintiff appealed.

Appellant, acting as his own counsel, filed a lengthy brief. The brief includes two pages headed assignment of errors. An examination of the transcript of the record discloses no assignment of errors attached thereto, as required by Rule 1, Revised Rules of Practice in the Supreme Court, Appendix to Title 7, 1940 Code of Alabama, as recompiled 1958.

The appellant, in his brief castigates the legal profession and the courts of this State very thoroughly. Having carefully read his brief, we are nearly convinced that appellant has no affection, nor little esteem for attorneys or courts. After the disposition of this appeal, in the only manner possible under the rules of practice, and prior decisions of the Supreme Court of Alabama, we are certain that appellant will be totally convinced of the correctness of his opinions.

Dislike of attorneys is no practical basis for refusing to use their professional knowledge for one's own benefit. The failure to do so by appellant, in prosecut‚ ing this appeal, is fatal to his cause.

■ For failure to assign errors as required by Rule 1, Revised Rules of Practice of the Supreme Court of Alabama, this appeal must be dismissed, and the judgment of the court below affirmed. In re Belcher v. City Commission of the City of Birmingham, 280 Ala. 252, 192 So.2d 454; Trussell v. Ripps, 277 Ala. 248, 168 So.2d 619; Dobson v. Deason, 258 Ala. 219, 61 So.2d 764.

Out of regard for the efforts of appellant, we have considered the matters assigned in his brief as errors, and do not consider them sufficient for reversal, even had they been properly presented.

Appellant contends the trial court had no authority to set aside the default judgment previously entered in this cause and set the matter for trial after said judgment was set aside. Title 7, Sec. 570, 1940 Code of Alabama, is cited as authority for this contention.

■ Appellant has misconstrued the purpose and basis of this section. It does not apply to the statutory or common law right of a court to set aside its judgment entered by default. The cited statute was passed by the legislature to prevent setting aside a judgment for mere defects in

**480**

pleadings not previously objected to. Ex parte Crumpton, 21 Ala.App. 446, 109 So. 184.

We refer appellant to Title 7, Section 276, 1940 Code of Alabama, for the applicable statute. Also, to the inherent right of courts to set aside their judgments on common law grounds. We cite Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163, 36 So.2d 513; Long v. City of Opelika, 37 Ala.App. 200, 66 So.2d 126.

■ Appellant attacks the sufficiency of the final judgment as to law and facts. This is non-availing. It is the law of this state that the finding of a trial court, based on conflicting evidence, will be accorded the same effect on appeal as a jury's verdict. Viking Equipment Co. v. Prudential Ins. Co. of America, 232 Ala. 543, 168 So. 566; Means v. Hollis, 251 Ala. 122, 36 So.2d 486; Murphree v. Campbell, 266 Ala. 501, 97 So.2d 892.

We doubt that we have convinced appellant of our position, but we felt compelled to try.

The judgment below is

Affirmed.