248 So.2d 740

**William Edward SURBER**

**v.**

**Floyd H. MANN, Director of Department of Public Safety, State of Alabama.**

**7 Div. 29.**

Court of Civil Appeals of Alabama.

May 26, 1971.

Roy D. McCord and J. A. Hornsby, Gadsden, for appellant.

William J. Baxley, Atty. Gen. and Joseph G. L. Marston, III, Asst. Atty. Gen., for appellee.

WRIGHT, Judge.

Appellant, William Edward Surber, was convicted in the Traffic Court of Atlanta, Georgia on November 29, 1968, of the offense of driving while intoxicated. His Alabama driver's license was confiscated by the Georgia court, and together with his record of conviction was forwarded to the Director of the Department of Public Safety of Alabama. Under the provisions of Title 36, Section 68, Code of Alabama 1940, the Director of the Department of Public Safety suspended appellant's driver's license and driving privilege for a period of six months, beginning January 10, 1969. Under the provisions of Title 36, Section 74(58), the Director also suspended the registration (tag) for appellant's automobile.

Title 36, Section 74(58) is a part of the Motor Vehicle Safety Responsibility Act and provides that the Director shall suspend the registration of all motor vehicles registered in the name of a person, when he has suspended or revoked the person's driver's license, and when he has received the record of a conviction for an offense which authorizes suspending or revoking such license. It further provides that such license and registration shall remain suspended or revoked until proof of financial responsibility is given and maintained.

Title 36, Section 68 is not a part of the Motor Vehicle Safety Responsibility Act, and provides that the Director of Public Safety is authorized to suspend or revoke the license of any resident of this State, upon receiving notice of the conviction of such person in another state of any offense therein which, if committed in this state, would be grounds for the suspension or revocation of the license.

From the order of suspension of driver's license and vehicle registration, Surber filed an appeal in the Circuit Court of Etowah County, Alabama, on January 11, 1969. The petition on appeal avers the appeal is taken under the provisions of Title 36, Section 74, Code of Alabama 1940. As previously noted, Title 36, Section 74, is the Motor Vehicle Safety Responsibility Act. The driver's license of appellant was not suspended under the provisions of that statute. The registration was suspended under that Act, but only as a result of the suspension of the driver's license under the provisions of Title 36, Section 68. In the

absence of proof of financial responsibility the Director has no discretion but to suspend registration when the driver's license has been suspended or revoked, because of a conviction under Section 68. (Title 36, Section 74(58).)

Both Section 68 and the Motor Vehicle Safety Responsibility Act provide for appeals from the order of suspension or revocation, except when revocation of drivers' licenses are mandatory under Section 68. The appeals are to the circuit court with trial de novo. Both statutes provide for hearings before the Director of Public Safety after suspension when requested.

To the appeal filed in circuit court by appellant, the Director filed a motion to dismiss. As grounds of the motion, it was averred that appellant had not exhausted his administrative remedies by requesting a hearing by the Director, and that the appeal was filed under the wrong statute. Appellant filed motion to strike.

On the 14th day of July, 1970, the record states the matter was submitted on an agreed statement of facts. We find no agreed statement of facts, but only an apparent statement of the attorney's bearing on the motion to dismiss, and a statement by appellant's attorney that since appellant had been punished for his conviction in Georgia he could not again be punished by having his license and registration suspended in Alabama. The essence of this statement appears to be a charge of double jeopardy. Argument in brief is on that basis.

The cause was submitted to the court finally on the pleadings and the "agreed statement of facts." The court on July 14, 1970, entered a judgment on the issues in favor of the Director and reinstated the order of suspension. There was no ruling on the motion to dismiss the appeal.

Appellant filed a motion for new trial on August 4, 1970. The motion was heard and taken under advisement on September 2, 1970. It was overruled on December 3, 1970. Appeal was taken to this Court only from the ruling and judgment of the court on the motion for new trial.

■ Where the appeal is from the ruling on a motion for new trial, the ruling on the motion for new trial is the only matter which is subject to review on the appeal, and therefore only matters assigned in the motion for new trial are subject to review. State v. Moore, 269 Ala. 20, 110 So.2d 635.

■ An examination of the assignments of error discloses that though the appeal was taken from the ruling of the court on motion for new trial, such ruling was not assigned as error. Without an assignment of error nothing is presented for review. Supreme Court Rule 1. Howard v. Harrell, 275 Ala. 454, 156 So.2d 140.

■ We would observe that had the ruling on the motion for new trial been assigned as error, we would not think it sufficient to warrant our review. Our examination of the motion for new trial discloses that the grounds assigned therein are general and lacking in specificity. When presented to the trial court the grounds of the motion completely failed to point out any specific reason why its judgment was in error. Such charges as that the judgment is erroneous, illegal, unwarranted in law, contrary to law, or contrary to evidence, failed to present any matter for the court's consideration. Neither would such grounds have been considered here.

■ Grounds of a motion for new trial relied upon on appeal must specify precise error alleged to have occurred. A ground of a motion for new trial is to be considered as if it were a separate assignment of error. Boudrow v. H .& R Construction Co., 284 Ala. 60, 222 So.2d 154.

On the question sought to be raised of the statutes involved being unconstitutional for lack of due process, under Federal 14th Amendment, we refer appellant to the case

of Reitz v. Mealey, Commissioner of Motor Vehicles, 314 U.S. 33, 62 S.Ct. 24, 86 L.Ed. 21. As to double jeopardy, we refer appellant to Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729; Bartkus v. People of Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684; United States v. Lanza, 260 U.S. 377, 43 S.Ct. 141, 67 L. Ed. 314.

Nothing having been presented for review, the judgment of the trial court is affirmed.

Affirmed.