279 So.2d 523

**Charles W. WILLIAMS**

v.

**E. L. CLARK.**

**Civ. 96.**

Court of Civil Appeals of Alabama.

April 25, 1973.

Rehearing Denied May 23, 1973.

Charles W. Williams, pro se.

No brief for appellee.

WRIGHT, Presiding Judge.

Plaintiff, appellant here, brought suit in the Circuit Court of Marshall County, Alabama, against defendant-appellee. The original complaint contained six counts. Count I was for work and labor. Count II alleges licentious, wanton and reckless behavior by defendant in the office of plaintiff when plaintiff requested payment for his work and labor. Such behavior is charged to be a trespass. Count III charges defendant with a "civil" assault upon plaintiff in plaintiff's office. Count IV charges defendant with an assault and battery upon the person of plaintiff by defendant taking from plaintiff's hand two books of account. Count V charges defendant with an aggravated assault upon plaintiff with intent to kill by defendant saying to plaintiff "If you put your dirty hands on my books again I'm going to kill you," while reaching to his right hip pocket as if to draw a gun. Count VI charges a second aggravated assault upon plaintiff by defendant, on the same date as the first, when defendant returned to plaintiff's office door and saying, "old man, if you ever cross my path again, I'm going to kill you."

To Count I, defendant filed a plea of res judicata, the substance of which plea was that plaintiff had previously recovered judgment against defendant upon the same cause of action in the County Court of Marshall County, Alabama, on October 1, 1968, which judgment had been affirmed by this Court on February 18, 1970. Demurrers to the other counts were filed. Plaintiff subsequently amended his complaint by filing from time to time Counts VII through XI. Count VII is a code count for assault and battery. Count VIII

is a code count for work and labor. Count IX is a count for trespass to the person. Count X cannot be classified under a "known" classification of a cause of action. The essence of this count is that defendant filed a false and fraudulent motion to set aside a default judgment obtained by plaintiff against defendant in the County Court of Marshall County on January 2, 1968, and by such motion secured the setting aside of such judgment. Count XI is a charge of slander of plaintiff by defendant. Such slander consisting of statements made by defendant during his testimony in the trial of the previous case in the county court when plaintiff obtained judgment against defendant for work and labor in October 1968.

To the counts of the complaint as amended defendant filed demurrer, and subsequently filed the additional plea of the general issue. We find no ruling in the record on defendant's demurrers nor to plaintiff's "replications" to the pleas and demurrers. However, the court in open court, prior to taking testimony without a jury, informed plaintiff that he was "in court" on Counts I, VII, VIII and IX, to which plaintiff responded "All right." To refresh, Counts I and VIII are counts for work and labor, Count VII is for assault and battery, and Count IX is for trespass to the person. The judgment as rendered was for plaintiff on Counts VII and IX.

We comment here that plaintiff-appellant has been his own counsel from the filing of the suit through this appeal and has appeared before this Court in oral argument of his appeal. We have before us his brief which fails to conform in almost all aspects to the requirements of Supreme Court Rules 8 and 9. It is on legal size paper and is bound at the top without either statement of the case or of the facts.

The first 15 pages of the brief consist of various abstract propositions of law followed by argument, each in succession. This portion of the brief is a redundant and persistent attack upon the action of

the County Court of Marshall County, in the setting aside, upon motion of a default judgment and subsequently trying upon the merits the case of plaintiff against defendant for work and labor. This matter in all of its aspects was laid to rest in our decision in the appeal of that case on February 18, 1970, as reported in 45 Ala.App. 478, 232 So.2d 660.

Despite the finality of the issues presented by that decision, plaintiff filed his Count I and VIII in the circuit court below upon the same claim and transaction. The judgment rendered in his favor and affirmed by this Court has been paid into the County Court and lies there unclaimed by plaintiff because he insists, after all appeals were exhausted, that it is incorrect, invalid and unjust. Though appellant may feel that such classification of the judgment is correct, he must accept the reality that the matter is conclusive and final! Therefore, the matters contended by appellant in his first 15 pages of brief are not before us on this appeal. The remaining 6 pages of appellant's brief are stated to be "argument on tort." It begins with the following statement:

"The real purpose of the argument on tort is to show to this court the contradictions in defendant's evidence on matters fundamental to a fair and just opinion and judgment rendered March 16, 1972, in the Circuit Court of Marshall County, and entered of record as bench notes, Johnson, Judge, Exhibit B attached herewith."

There follows varied statements excerpted from the testimony of defendant which are contended to be incorrect and false and inconsistent with the testimony of plaintiff and his witnesses. It is insisted by appellant that these matters were "not weighed and adjudged" by the trial judge in his judgment. Appellant argues that this Court must recognize and correct such failure.

We have patiently considered appellant's appeal, both in brief and on oral

argument. However, the matter must now be concluded on a jurisdictional basis. The fact is that appellant made no assignment of errors, either in brief or bound in the transcript. Without any assignment of error, an appeal presents nothing for review. Such defect in the record is jurisdictional and the judgment of the trial court must be affirmed. Supreme Court Rule 1. Trussell v. Ripps, 277 Ala. 248, 168 So.2d 619; Williams v. Clark, 45 Ala. App. 478, 232 So.2d 660; Surber v. Mann, 46 Ala.App. 700, 248 So.2d 740.

 Though we must affirm the judgment of the trial court for failure of appellant to follow the rules required for consideration of an appeal, we observe that we have read the transcript of the evidence in the trial below and point out to appellant that the court found in his favor on the issues charged in his Counts VII and IX. These are counts in trespass of the person and assault and battery. The only apparent quarrel appellant has with the judgment in these counts is the amount of damage awarded. Without setting out the evidence, we call appellant's attention to the fact that he failed to prove any actual injury and resultant money damages. This was his burden, if in fact any occurred. Smith v. Richardson, 277 Ala. 389, 171 So. 2d 96. He stated himself that he was only touched on the hand. If he had no actual injury and damage the only other element of damage involved was punitive. Punitive damages are as punishment. The amount of such damages, assuming proof of basis for such award, is a matter within the discretion of the trier of the facts. Terrell v. Better Business Bureau of Mobile Co. Inc., 283 Ala. 131, 214 So.2d 694.

Though required to affirm the judgment below upon a jurisdictional basis as shown hereinabove, we have attempted to illustrate that had such jurisdictional defect not been present, we would have in any event affirmed the judgment because the only basis for appeal when the judgment is in favor of the appellant is upon matters affecting the amount of the award of damages. Anderson v. Kemp, 279 Ala. 321, 184 So.2d 832; King v. Sturgis, 45 Ala.App. 553, 233 So.2d 495. Appellant failed to prove any pecuniary loss or actual damage. Under such circumstance, though the court found that defendant had breached a duty owed to plaintiff, plaintiff was thus entitled to recover only nominal damages. Welch v. Evans Bros. Const. Co., 189 Ala. 548, 66 So. 517; Conner v. Hamlin, 33 Ala.App. 54, 29 So.2d 570.

The judgment of the trial court is

Affirmed.

BRADLEY and HOLMES, JJ., concur.