326 So.2d 290

**Doyle LIPHAM**

v.

**Ulysses McELROY.**

**Civ. 606.**

Court of Civil Appeals of Alabama.

Jan. 21, 1976.

William J. Baxley, Atty. Gen., and Quentin Q. Brown, Jr., Asst. Atty. Gen., for the respondent, the State.

Loma B. Beaty, Robert G. Wilson, Fort Payne, for appellant.

Robert B. French, Jr., Fort Payne, for appellee.

BRADLEY, Judge.

Plaintiff Lipham appeals from the alleged inadequacy of a judgment awarding him nominal damages against defendant McElroy.

Lipham filed suit against McElroy for $75,000 in damages suffered as a result of an altercation in which McElroy shot Lipham with a .22 caliber pistol.

Trial was held on December 10–12, 1974. At the trial much evidence was heard as to the circumstances surrounding the incident and the character of the parties. Virtually all of this evidence was in dispute.

However, a portion of the evidence was undisputed: Lipham introduced evidence of hospital expenses of $1,606.54 and doctors' bills of $750. Defendant stipulated that these charges were reasonable. Lipham also testified without contradiction as to pain suffered from the shooting and to a job opportunity he lost due to his injury.

At the conclusion of the hearing the trial judge gave a charge which stated in part:

"If you are reasonably satisfied from the evidence that the plaintiff is entitled to recover you should award a sum

which would reasonably and fairly compensate him for such pain and suffering and mental anguish already suffered by him or for any pain, suffering or mental anguish which you are reasonably satisfied from the evidence he is reasonably certain to suffer in the future. Also, in regard to compensatory damages, the measure of damages for medical expenses is all reasonably (sic) expenses necessarily incurred for doctor and medical bills which the plaintiff has paid or become obligated for. Reasonableness of such medical and doctor bills is ordinarily an issue. In this case the parties have agreed that the medical bills and doctor bills which have been presented are reasonable."

The jury returned the following verdict:

"We, the jury, find the issues in favor of the plaintiff and assess his damages at $1.00. Frank Duke, Foreman."

Plaintiff moved for new trial on the grounds that the award was inadequate. This motion was denied.

■ This appeal assigns as error the denial of the motion for new trial and the refusal to give plaintiff's requested charges 2, 7, 8 and 9. Although the refusal of the charges was properly excepted to in compliance with Rule 51, ARCP, the assignments of error based thereon present no grounds for review. The refused charges relate solely to the issue of liability. Because the jury found this issue in favor of appellant, the error, if any, in refusing the charges would be harmless, Rule 61, ARCP, *Fike v. Stratton*, 174 Ala. 541, 56 So. 929. The only assignments to be considered, therefore, relate to the motion for new trial.

■ The fact that the jury found the issues in plaintiff's favor, that plaintiff had proven reasonable medical expenses in the total amount of $2,356.54, plus pain and suffering, and that the jury awarded only nominal damages brings the instant case squarely within the holding rendered in

*Conner v. Hamlin,* 33 Ala.App. 54, at 56, 29 So.2d 570, at 572:

". . . Having found that appellee's conduct [assault and battery] was illegal, the jury's action in failing to assess properly established damages proximately resulting therefrom can be viewed in no other light than being capricious.

"Viewed in the light of the verdict the conclusion is inevitable that the damages awarded by the jury did not cover the substantial medical expenses incurred by the appellant. It is equally clear that the damages in nowise covered any award for physical and mental pain and suffering. To affirm this verdict and judgment awarding only nominal damages for substantial damage suffered by appellant according to the great preponderance of the evidence would, we are convinced, be wrong and unjust. [Citations omitted.]"

There was error in the trial court's denial of motion for new trial.

Reversed and remanded.

WRIGHT, P. J., and HOLMES, J., concur.