ON REHEARING
WRIGHT, Presiding Judge.
This court’s original opinion dated May 11, 1983 is withdrawn and the following is substituted therefor:
This is an appeal by appellant, Ruth R. Beatty, from the order of the circuit court denying her petition for writ of certiorari and affirming the State Personnel Board’s action in dismissing her from her State job. Appellant’s dismissal arose from the following facts:
FACTS
Appellant took a one-year leave of absence without pay for medical reasons from her position with the Department of Industrial Relations. Appellant’s supervisor, Robert Langley, informed her when she took the leave that she could not draw unemployment compensation benefits if she was on sick leave.
During her leave, appellant took a temporary Christmas job at Gayfers, after which she applied for unemployment compensation benefits. Appellant made no reference on her unemployment compensation application to the fact she was on sick leave from the State, but did make such a reference in her employment application.[1] Each application is filed in a separate office and as a consequence, the fact that appellant was on sick leave was only brought to the attention of the unemployment compensation office after benefits had been paid to appellant and after an investigation had been ordered. Section 25^4-78(2), Code of Alabama 1975, disqualifies one on sick leave from receiving unemployment compensation benefits. Upon being informed she had received such benefits illegally, appel *595 lant returned all she had received. However, Lynda A. Hart, as appointing authority for the Alabama Office of Employment and Training, decided the facts and circumstances warranted appellant’s dismissal and so informed appellant of that fact and of a scheduled hearing on the matter before a panel of three employees.
The panel determined appellant had only used poor judgment and recommended no disciplinary action. Nevertheless, after reviewing the nature of appellant’s job, the investigation report as to appellant’s illegal receipt of benefits, and the panel’s finding of appellant’s use of poor judgment, Ms. Hart decided to dismiss appellant for the good of the service.
Appellant appealed Ms. Hart’s decision to the State Personnel Board. After a hearing, the Board found that the dismissal charges against appellant were proved and that such charges warranted her dismissal.
Appellant then filed a petition for writ of certiorari in the Circuit Court of Montgomery County. The court found the action of the Board affirming appellant’s dismissal was substantiated by the facts and denied appellant’s petition. Appellant appealed.
The issue for review is whether the facts as established warrant the dismissal of appellant. We find that they support the dismissal.
Section 36-26-27, Code of 1975 provides that an employee may be dismissed for stated reasons by the appointing authority whenever he determines it will serve the good of the service and that the Personnel Board’s review of such a determination is limited to whether the reasons stated for the dismissal are sustained by the evidence presented at the Board’s hearing. Hilyer v. Blackwell, 377 So.2d 1090 (Ala.Civ.App.), cert. denied, 377 So.2d 1092 (Ala.1979). Ms. Hart stated appellant was dismissed for the good of the service due to poor judgment, and the Board determined the facts substantiated that reason. It is not the province of this court to substitute its judgment for that of the Board. Roberson v. Personnel Board of State of Alabama, 390 So.2d 658 (Ala.Civ.App.1980). Moreover, poor judgment has been held as sufficient grounds for dismissal. See Hilyer, supra.
We note appellant makes no issue of the circuit court’s dismissal of her damages count against Ms. Hart. Matters not raised on appeal are waived. Williams v. Clark, 50 Ala.App. 352, 279 So.2d 523 (1973).
APPLICATION FOR REHEARING DENIED.
OPINION SUBSTITUTED.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. Section 25-4-77, Code of Alabama 1975, requires one to be able and available for work in order to show oneself eligible for benefits. One must therefore apply for other employment to make himself eligible for unemployment benefits.