BRADLEY, Judge.
This is an appeal from a verdict in favor of defendant on a suit for nonpayment of an open account.
The facts of this case are fairly complicated, but we will state them briefly. Plaintiff, Tuskegee Wholesale Grocery Company, filed suit in the District Court of Macon County alleging that defendant, Robert Thompson, was liable to them on an open account of the Green Fork Grocery *75 Store. Plaintiff claims that defendant came to plaintiff’s place of business and requested a conference with James Henson, plaintiff’s business manager. The facts indicated that defendant’s wife had purchased the Green Fork store for her nephew, Richard Perry. Henson testified that defendant asked him to sell Perry groceries on open account and promised to pay for them at any time. Henson agreed to do this. Defendant claims that no meeting or conversation ever occurred, and the he never agreed to be responsible for the Green Fork groceries.
The facts further reveal that Perry began purchasing groceries on open account. Henson stated that he kept defendant apprised of the balance of the account. As of April 7, 1978, Green Fork still owed plaintiff $4,536.42 on its open account with plaintiff. That same month, Henson telephoned defendant requesting him to settle the account. Defendant stated that he did not owe plaintiff anything, that he was tired of being harassed, and that he did not wish to talk with Henson about the account anymore. Perry testified that he purchased groceries for Green Fork on his own behalf and that he “operated” the store.
On April 13, 1979 Perry filed a voluntary petition for bankruptcy with the United States District Court for the Middle District of Alabama. On his petition Perry listed plaintiff as a creditor. On August 7, 1980 Perry was discharged from liability on this debt.
On May 8,1979 plaintiff’s attorney wrote the defendant trying to collect this debt. Defendant’s attorney informed plaintiff’s counsel that defendant had not authorized plaintiff to supply groceries to Green Fork. The district court found in favor of the defendant. As a result plaintiff appealed to the circuit Court of Macon County for a trial de novo.
The case proceeded to trial, and the jury returned a verdict in favor of the defendant. Plaintiff filed a motion for new trial on October 8, 1980 contending, inter alia, that the evidence adduced at trial was insufficient to support the jury’s verdict and that the court erred by allowing defendant to introduce evidence concerning Perry’s bankruptcy. The trial court denied this motion and as a result plaintiff appeals to this court.
Plaintiff, in this appeal, has raised two issues. First it is contended that the jury verdict is against the clear weight of the evidence. Second plaintiff claims the trial court erred in permitting defendant, over plaintiff’s objection, to introduce evidence of Richard Perry’s bankruptcy on the ground that such evidence was irrelevant and prejudicial.
It is axiomatic that the granting or refusing a motion for a new trial is within the sound discretion of the trial court and will not be overturned on appeal unless palpably and clearly wrong. Robertson Banking Co. v. Ebersole, 331 So.2d 278 (Ala.1976). On appeal, an appellant cannot raise a question of the sufficiency of the evidence to support the jury’s verdict or argue that such verdict is against the great weight of evidence unless he raised these issues in a motion for a new trial. Broughton v. Kilpatrick, 362 So.2d 865 (Ala.1978); State v. Long, 344 So.2d 754 (Ala.1977). The plaintiff alleged in his motion for a new trial that the evidence was insufficient to support a verdict in fav'or of the defendant, and as such we may properly consider the merits of its contention. In reviewing the evidence, we cannot find that the trial court abused its discretion or committed plain and palpable error in declining to grant the motion.
Plaintiff did produce testimony from several witnesses which tended to prove that defendant had contracted with plaintiff to purchase groceries on an open account, that Perry merely worked for defendant and his wife, and that the groceries were paid for by checks drawn on a checking account in the name of defendant and his wife. Defendant denied that he had set up such an open account with plaintiff, and presented testimony by Perry wherein Perry stated that he alone wrote checks on the Green Fork account. From the evidence we cannot find that the jury clearly erred in holding in *76 favor of defendant. The trial judge, therefore, did not abuse his discretion in denying plaintiff’s motion for a new trial.
We now evaluate the merits of plaintiff’s argument that the trial court committed reversible error in permitting defendant to introduce at trial, over plaintiff’s timely objection, evidence that Perry had bankrupted on debts which he purportedly owed plaintiff. Plaintiff’s attorney repeatedly objected on the grounds that such evidence was irrelevant and prejudicial. The trial court’s overruling of these objections which were general in nature, see Dixie Industrial Co. v. Bank of Wetumpka, 207 Ala. 293, 92 So. 786 (1922), cannot be considered erroneous unless the evidence admitted was illegal. C. Gamble, McElroy’s Alabama Evidence § 426.01(10) (3d ed.1977). Plaintiff has not cited any Alabama decision holding evidence of a witness’s bankruptcy illegal. Therefore we are unable to reverse the decision to admit this evidence on the basis of these general objections. Furthermore, the evidence was certainly relevant since it tended to prove who was contractually liable for the payment of groceries purchased on Green Fork’s open account. See generally Taylor v. Mason, 390 So.2d 1046 (Ala.1980).
The judgment of the circuit court is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.