The plaintiffs sued the defendant as a result of an automobile accident. After a trial by jury, verdicts were returned in favor of the plaintiffs. The plaintiffs, after the denial of their motions for a new trial by the trial court, appeal, contending that the amount of the verdicts and the resulting judgments were inadequate.
We find no error in the judgment of three of the plaintiffs but must reverse and remand the judgment of one of the plaintiffs.
Five separate plaintiffs, three of whom were occupants in the automobile involved in the accident, brought suit against the driver of the other vehicle. The other two plaintiffs are spouses of the injured occupants. Two separate suits were filed in the Circuit Court of Shelby County but were consolidated before trial. The appeals are also consolidated.
At this juncture we note that Helen Baker's complaint was for her pain and suffering as a result of her injuries. Ralph Baker, the husband of Helen Baker, brought suit for the medical expenses of his wife. Beverly and Alicia Benson sought damages for their pain and suffering as a result of their injuries from the collision. Beverly Benson's husband, Steven Benson, brought suit for his wife's medical expenses and the damage to his car.
The jury returned the following verdicts: $5,000 for Helen Baker, $3,126.18 for Ralph Baker, $4,000 for Steven Benson, $1 for Beverly Benson, and $1 for Alicia Benson.
After a judgment was entered thereon, each plaintiff made a motion for a new trial. As indicated, these motions were subsequently denied.
The record reveals the following:
On May 27, 1982, the plaintiffs, Beverly Benson, her mother, Helen Baker, and Alicia Benson, the infant daughter of Beverly Benson, were traveling in the Benson car on Alabama Highway 145. As they crossed an intersection on that highway, the defendant, Jeanette Vick, driving her automobile, collided with the plaintiffs. As indicated, the jury found that the defendant's negligence was the cause of the accident.
Much of the testimony concerning the injuries of the three occupants was in conflict or unsubstantiated.
Helen Baker testified that she was rendered unconscious by the impact of the collision. In addition, she testified that her left wrist was broken, that she received a cut near her left eye, and that she suffered injuries in her chest from the blow of the accident. Mrs. Baker stated that since the accident her activities have been limited and that she is unable to do some of her housework.
There was medical testimony that no injury could be found to Mrs. Baker's chest and that her wrist had healed properly. There was also testimony that Mrs. Baker did not follow the doctor's instructions, with her stating that, "I released myself" from the care of the doctor.
There was evidence that Ralph Baker's damages for his wife's medical expenses were in excess of $3,000.
As stated above, Ralph Baker was awarded $3,126.18 for the medical expenses of his wife, and Helen Baker was awarded $5,000 for her pain and suffering caused by the injuries.
Beverly Benson's suit, as indicated, was based on her pain and suffering as a result of her injuries from the collision.
She testified that she was thrown against the car door by the force of the impact and rendered unconscious. She also testified that her shoulder was injured and that she suffered several cuts to her head, face, and arm. Mrs. Benson stated that for four months after the accident she suffered from dizziness and was unable to take care of her child. *Page 1312 
The only medical testimony of Mrs. Benson's injuries immediately after the accident was from medical records that were read into evidence by Mrs. Benson. These records indicated a contusion of her foot, a puncture wound in her left arm, a shoulder sprain, and cuts to the head.
There was additional medical testimony from a doctor who treated Mrs. Benson more than a year after the accident. At that time, a small piece of glass was removed from her arm, believed to have been received in the collision.
As indicated, Steven Benson brought suit for his wife's medical expenses and for damages to his car. There was evidence that Mrs. Benson's medical expenses were $1,297.49. The evidence regarding the model year and value of the Benson's car was in dispute or unclear.
As stated earlier, Steven Benson was awarded $4,000, and Beverly Benson was awarded $1.
Alicia Benson, the infant daughter of Steven and Beverly Benson, brought suit through her father for the pain and suffering that was caused by her injuries. Beverly Benson testified that the child was "very bloody" after the accident and required twelve stitches in her nose. The officer who was on the scene after the accident testified that the child did not seem to be injured. There was no medical testimony of the child's injuries.
As indicated, the jury awarded one dollar to the infant child as damages from the accident.
As best as this court can determine, all the plaintiffs, except Ralph Baker, appeal.[1]
Helen Baker appeals, contending that her damages for pain and suffering were inadequate and that the trial judge erred in denying her motion for a new trial. We disagree.
The amount of damages awarded for physical pain and mental suffering is left to the sound discretion of the jury and is subject to correction only for clear abuse or passionate exercise of that discretion. Alabama Power Co. v. Mosley,294 Ala. 394, 318 So.2d 260 (1975).
Since there is no yardstick to measure pain and suffering, we cannot say, in this instance, in view of the evidence as indicated above, that the jury abused its discretion in an award of $5,000 for pain and suffering. This is particularly true in view of the denial by the trial court of the motion for a new trial.
Whether to grant or deny a motion for a new trial is within the discretion of the trial judge and is presumed correct unless there is some plain and palpable error. Butler v. King,437 So.2d 1300 (Ala.Civ.App. 1983). Here we find no error.
Steven Benson presumably appeals, contending that the jury did not award an amount to compensate him for the medical expenses of his wife and the damage to his car.
As stated above, the amount of damages, as a general proposition, is largely within the discretion of the jury.Feazell v. Campbell, 358 So.2d 1017 (Ala. 1978).
In this instance, the $4,000 that was awarded to Mr. Benson was more than the almost $1,300 of medical expenses for his wife, and the remaining amount may well be the value of the car. Again, the jury's action, coupled with the trial court's denial of the motion for a new trial, presents no error.
Beverly Benson and Alicia Benson, through her father, appeal, contending that they were not awarded any damages for their pain and suffering and that the trial court erred in denying their motion for a new trial on that issue. As stated, both were awarded one dollar.
An award of one dollar is, in effect, an award of nominal damages. When a plaintiff fails to prove any pecuniary loss or actual damage, he is entitled to recover, at least, nominal damages if the evidence *Page 1313 
shows that the defendant breached a duty owed to the plaintiff.Williams v. Clark, 50 Ala. App. 352, 279 So.2d 523
(Ala.Civ.App.), cert. denied, 291 Ala. 803, 279 So.2d 526
(1973).
Put another way, if a cause of action is proved, the plaintiff is entitled, as a minimum, to nominal damages; and if the evidence shows more, assessment enters the field of compensatory damages. McDonald v. Amason, 39 Ala. App. 492,104 So.2d 716 (Ala.Ct.App.), cert. stricken, 267 Ala. 654,104 So.2d 719 (1958).
In the facts surrounding Beverly Benson, there is, to this court, "more." There was testimony that Mrs. Benson did, in fact, suffer some injury, to wit, a hurt shoulder and some cuts. There was evidence from Mrs. Benson and her doctor that these injuries did cause her some pain and suffering. Additionally, as stated, Mrs. Benson's husband was awarded $1,297.49 for her medical expenses from the injury. These medical expenses were not in dispute.
The Supreme Court of Alabama, in reversing this court, stated clearly that, if there are special or compensatory damages and proof of some "pain and suffering," then there must be an award in excess of the special damages. Ex parte Patterson,459 So.2d 883 (Ala. 1984). See also McCain v. Redman Homes, Inc.,387 So.2d 809 (Ala. 1980); Bibb v. Nelson, 379 So.2d 1254 (Ala. 1980); Stone v. Echols, 351 So.2d 902 (Ala. 1977).
Here, there is proof of pain and suffering, no matter how slight, without any award for such damage. As seen from the above, only nominal damages were awarded. Therefore, in light of the above cases, the learned and most distinguished trial judge erred in failing to grant Beverly Benson's motion for a new trial.
While the above principles of law are applicable to the child, there is a fatal flaw in the surrounding facts. There is no proof of pain and suffering, as it is disputed whether or not there is even any injury. In other words, there was a failure to prove actual damages, i.e., injury and resulting pain and suffering.
As stated above, when the plaintiff fails to prove any actual damages but the defendant is found to have breached a duty to the plaintiff, the plaintiff is entitled to recover only nominal damages. Williams v. Clark, 50 Ala. App. 352,279 So.2d 523 (Ala.Civ.App.), cert. denied, 291 Ala. 803, 279 So.2d 526
(1973).
The defendant-appellee, through able counsel, urges this court to affirm the action of the trial court, contending that the plaintiffs' general allegations in the motions for a new trial were insufficient to bring the issue of damages before the trial court or present an issue for review by this court. We disagree.
The grounds set out in a motion for a new trial must sufficiently specify the precise error that is alleged to have occurred. International Brotherhood of Teamsters, Chauffeurs,Warehousemen and Helpers of America v. Hatas, 287 Ala. 344,252 So.2d 7 (1971).
The plaintiffs' motions for a new trial made several references to an inadequate award. In fact, there were nine grounds in the motions that referred to damages. One specifically stated that "damages awarded failed to compensate the plaintiff for pain and suffering." This is more than a mere general allegation.
To summarize, the trial court's action in denying the motions for a new trial, as to Helen Baker, Steven Benson, and Alicia Benson, as stated above, was not in error and is affirmed. However, the trial court's denial of the new trial motion as to Beverly Benson must be reversed for lack of an adequate award for pain and suffering.
This case is affirmed in part and reversed and remanded in part.
AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] There appears to be some doubt as to whether plaintiff Steven Benson has appealed. In fairness to all, we have assumed that he has appealed. *Page 1314