INGRAM, Judge.
This case was originally assigned to another member of this court. It arose out of a traffic accident on October 21, 1985. Bruce J. Cooperman’s pickup truck was stopped in traffic when it was passed on the left by a moving van owned by William D. Bellamy and operated by James Jefferson Bellamy. As the van passed the pickup truck, one of the van’s side doors swung open and struck the corner of the pickup. Cooperman claimed personal injuries as a result. The case was tried before a jury, which rendered a verdict in favor of Coo-perman and awarded him $200.00 in damages. He moved for a new trial, but his motion was denied. He then perfected his appeal to this court.
The sole issue on appeal is whether the trial court erred in denying Cooperman’s motion for new trial on the ground of inadequacy of damages.
It is axiomatic that a jury verdict is presumed to be correct and should not be set aside on the ground of inadequacy of damages unless the amount is so inadequate in light of the evidence that it plainly indicates that the verdict was the result of *601 passion, prejudice, or improper motive. Lartigue v. Fleming, 489 So.2d 583 (Ala.Civ.App.1986). This presumption is strengthened on appeal when the trial court has denied a motion for new trial. Orr v. Hammond, 460 So.2d 1322 (Ala.Civ.App.1984).
The record in this case reveals that the severity of the accident was disputed. All of the damages claimed by Cooperman were contested by the Bellamys, with the exception of Cooperman’s emergency room bill on the day of the accident in the amount of $181.00. Cooperman insists that the jury’s award of $200.00 was insufficient to compensate him, at a minimum, for his special damages and for pain and suffering. We disagree.
A plaintiff who proves a cause of action is at least entitled to receive nominal damages. Benson v. Vick, 460 So.2d 1309 (Ala.Civ.App.1984). If the evidence shows more and if special damages are proved, the jury’s award may not be less than that amount. Ex parte Patterson, 459 So.2d 883 (Ala.1984). Further, if there are special or compensatory damages together with proof of pain and suffering, then the jury’s award must be in excess of the special damages. Benson v. Vick, supra. The amount of damages awarded for pain and suffering, however, is left to the discretion of the jury. Benson v. Vick, supra.
Here, the jury found that Cooperman did prove a cause of action against William Bellamy. Cooperman’s emergency room bill of $181.00 was undisputed; therefore, he was entitled to recover at least that amount. The jury’s award exceeds the special damages by $19.00, and it is conceivable that the excess is an award for pain and suffering. Our review of the record indicates that evidence was presented from which the jury could have determined that the accident complained of was not the proximate cause of any other damages claimed by Cooperman. There is no indication that the verdict in this case was the result of passion, prejudice, or improper motive. In light of the above, we find that this case is due to be affirmed.
AFFIRMED.
HOLMES, P.J., concurs.
ROBERTSON, J., dissents.