ADAMS, Justice.
The plaintiff, Albert Mixon, appeals from a judgment based on a verdict in his favor for $28,600. Mixon’s claim arises out of an accident that occurred while Mixon was working on a railroad gang near Crestview, Florida. The following facts are relevant to a disposition of the case.
On September 9,1985, Mixon was injured while working on a rail gang. An adzer,[1] which was being lifted onto the rails by a crane, became unstable, and the crane operator jerked up on the cable attached to the adzer. As a result, Mixon’s shoulder was injured and a previous back injury was aggravated. He sued the railroad. A jury returned a verdict of $28,600 for. Mixon. Dissatisfied with the award, he alleges three grounds for a finding of error.
Mixon first contends that the attorney who represented him, Leonard Rad-lauer, who was licensed to practice law in Louisiana but not in Alabama, did not follow the proper procedure to appear pro hac vice in Alabama. Therefore, Mixon argues, this Court should remand the case for á new trial. We disagree.
Pursuant to Rule VII, Rules Governing Admission to the Alabama State Bar, (1985), a lawyer who is not a member of the Alabama State Bar may gain admission pro hac vice if he is recommended, in person or via written communication, by a member of the Board of Commissioners of the Alabama State Bar. The supplemental record filed with this Court contains a letter to Judge Bryan from Francis H. Hare, Jr., reproduced as follows, along with the judge’s notation on the letter:
“October 20, 1987
“The Honorable John N. Bryan, Jr.
Circuit Court of Jefferson County
Jefferson County Courthouse
716 North 21st Street
Birmingham, AL 35303
“Re: Albert W. Mixon v. Seaboard System Railroad
Case No. CV-86-1746
James Floyd v. Seaboard System Railroad
Case No. CV-86-5459
“Dear Judge Bryan:
“Pursuant to Rule 7 of the ‘Rules Governing Admission to the Bar of Alabama,’ I write as a member of the Board of Bar Commissioners of the Alabama State Bar to introduce to the Court Mr. Leonard A. Radlauer.
“Mr. Radlauer is licensed to practice in the state of Louisiana and is a member in good standing of the bar of that State. I introduce him for the sole purpose of his appearing in the above-styled cases.
“Very truly yours
“/s/ Francis H. Hare, Jr.
“Francis H. Hare, Jr.
“FHHjr/sc
“cc: Mr. Leonard A. Radlauer
“October 21, 1987. By virtue of this letter, Mr. Leonard A. Radlauer, is admitted pro hac vice in the above-styled case.
“/s/ John N. Bryan, Jr.
“Presiding Judge”
*1036 Although Mixon argues that Radlauer was not properly admitted because the case action summary sheet in his case refers also to case 86-5459, we deem the above letter to constitute sufficient evidence that the proper procedures were followed.[2]
Mixon also argues that the trial court erred in failing to grant his motion for directed verdict with regard to Seaboard's contention that Mixon was himself negligent. Because there was evidence that two men were needed to perform the task that Mixon attempted to perform alone, we are of the opinion that there was sufficient evidence to submit the question of Mixon’s own negligence to the jury.
Mixon next argues that the trial judge misstated the law when instructing the jury on comparative negligence. The alleged error, however, was not preserved for review, as Mixon’s attorney did not object to the instruction before the jury retired to deliberate. Rule 51, A.R.Civ.P.; Grayco Resources, Inc. v. Poole, 500 So.2d 1030, 1032 (Ala.1986). Likewise, Mixon’s claim that the damages were inadequate will not be reviewed, because that claim was not presented to the trial court by a motion for new trial. Fallaw v. Flowers, 274 Ala. 151, 146 So.2d 306 (1962).
For the foregoing reasons, the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.

. The record and the briefs refer to an "adzer,” but do not explain what an adzer is.

. Because it is apparent that Rodlauer was properly admitted in this case, we need not go further to consider whether Mixon actually had standing to challenge his own lawyer’s admission to practice.