This is an appeal from a judgment rendered on a jury verdict in favor of the plaintiff, Sam Willingham, d/b/a Willingham's Body Shop, and against one of the defendants, Adriatic Insurance Company, Inc. ("Adriatic"), in a fraud case. Adriatic argues that the judgment is due to be reversed because the jury did not also return a verdict against the other defendant, an agent of Adriatic. Adriatic argues that because its liability was based solely on alleged misrepresentations made by its agent, the jury could not properly return a verdict against Adriatic without also returning a verdict against its agent. In response, Willingham contends that the jury's verdict was consistent with the instructions given by the trial court, and that Adriatic failed to object to those instructions, leaving this Court nothing to review.
The court's instructions authorized the jury to return any one of the following verdicts: (1) against Willingham; (2) against both Adriatic and Adriatic's agent; or (3) against either the agent or Adriatic and in favor of the other defendant. Thus, the verdict against Adriatic alone was clearly authorized. Adriatic did not object to the trial court's instructions to the jury, and, in fact, stated that it was "satisfied" with those instructions. Nor did Adriatic file a post-judgment motion arguing that the instructions were erroneous.
This Court cannot reverse a trial court's judgment for an alleged error that is raised for the first time on appeal. The purpose of this rule is to give trial courts an opportunity to correct errors that, if left unaddressed, would require reversal. General Electric Credit Corp. v. Alford Assocs.,Inc., 374 So.2d 1316 (Ala. 1979). In addition, Rule 51, Ala.R.Civ.P., requires parties to object to "erroneous, misleading, incomplete, or otherwise improper" jury instructions. By failing to object before the jury retires to deliberate, a party waives any error in the court's instructions. Mixon v. Seaboard System R.R., 548 So.2d 1034,1036 (Ala. 1989); Brackett v. Coleman, 525 So.2d 1372, 1375
(Ala. 1988); Joseph v. Staggs, 519 So.2d 952, 956 (Ala. 1988). As this Court held in Brackett, "Where there is no proper objection to the court's oral charge, this Court is powerless to reverse, even if the appellant's argument is meritorious."525 So.2d at 1375.
The same analysis applies to this case. Absent a timely objection by Adriatic, there *Page 1283 
is nothing for this Court to review. The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.