The plaintiff, Gerald Hanners, d/b/a Newton Peanut Company, appeals from the judgment entered on a $60 jury verdict in his favor against Balfour Guthrie, Inc. ("Balfour"), in this fraud action based on alleged misrepresentations concerning Balfour's intent to perform under two contracts with Hanners for the sale of peanuts. We affirm.
For a detailed statement of the circumstances surrounding this case, see Hanners v. Balfour Guthrie, Inc., 564 So.2d 412
(Ala. 1990), where this Court reversed a summary judgment for Balfour, holding that a fact question existed as to whether Hanners had justifiably relied on certain alleged misrepresentations by representatives of Balfour.
Two issues have been presented for our review on this appeal:
 1. Whether the trial court abused its discretion in limiting Hanners's right to discovery; and, *Page 685 
 2. Whether the trial court erred in resubmitting this case to the jury after the jury had returned an inconsistent verdict.
With regard to the first issue, we note that Hanners propounded to Balfour certain interrogatories and requests for admission of facts, to which Balfour objected on various grounds. After considering Balfour's argument that the interrogatories were overly broad and vague and that answering them would not reasonably lead to the discovery of admissible evidence, would be unduly burdensome, and would require it to divulge confidential information, and that the requests for admission of facts actually called for legal conclusions, the trial court entered a protective order limiting Hanners's right to discovery. Hanners contends that his interrogatories and requests for admission of facts were in proper form and that the information requested therein was vital to his case. Balfour contends that the trial court acted within its discretion in controlling the discovery process. We agree.
In Ex parte McTier, 414 So.2d 460, 46162 (Ala. 1982), this Court, in a case similar to the present one, reiterated the applicable scope of appellate review of discovery rulings:
 "Rule 26, A.R.C.P., states that '[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action,' but that the scope of discovery may be 'otherwise limited by order of the court in accordance with these rules.' Rule 26(c) permits the trial court, for good cause shown, to 'make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense.'
 "Each . . . motion to compel answers to interrogatories must of necessity be decided on its own facts and circumstances, a determination which the trial court is in a better position to make than is this Court. The rule of law, on review of orders entered in matters involving discovery, is that this Court will not reverse the trial court's decision on discovery matters unless there is a clear showing that the trial judge abused his discretion in making his decision. This Court has delineated its scope of review of discovery matters on many occasions and particularly as to Rule 26 in Assured Investors Life Insurance Company v. National Union Associates, Inc., 362 So.2d 228 (Ala. 1978):
 " 'It is well settled that the Rules on deposition and discovery are to be broadly and liberally construed. . . . Rule 26(c), supra, recognizes, however, that the right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party. See Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962); and Delong Corp. v. Lucas, 138 F. Supp. 805 (S.D.N.Y. 1956). The Rule does not allow an arbitrary limit on discovery; instead, it vests the trial court with judicial discretion in the discovery process. The question on review, then, becomes one of whether, under all the circumstances, the court has abused this discretion. Campbell v. Regal Typewriter Co., 341 So.2d 120 (Ala. 1976). An appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery. Furthermore, it is unusual to find abuse of discretion in these matters. Swanner v. United States, 406 F.2d 716 (5th Cir. 1969); Tiedman v. American Pigment Corp., 253 F.2d 803
(4th Cir. 1958); Ex parte Alabama Power Co., 280 Ala. 586, 196 So.2d 702 (1967); and 35A C.J.S. Federal Civil Procedure §§ 532, 592.' "
In the present case, as in Ex parte McTier, the record does not show a clear abuse of discretion on the trial court's part in limiting discovery. We note that in reaching this conclusion we have carefully reviewed each of the interrogatories and requests for admission of facts that are at issue. Interrogatories one through four were objectionable because answering them would not have led to the discovery of admissible evidence. These interrogatories sought information relating to Balfour's *Page 686 
financial status, and, rejecting Hanners's suggestion, we decline to change the well-established rule that evidence of a defendant's wealth is inadmissible during the liability phase of a trial for the purpose of proving the amount of punitive damages that should be assessed. See Industrial Chemical Fiberglass Corp. v. Chandler, 547 So.2d 812 (Ala. 1988). Interrogatory 10 was objectionable on the ground that it was overly broad. Interrogatory 15 called for Balfour to "[s]tate the name, address, and telephone number of every peanut dealer known to [it] who customarily [deferred] payment on peanut purchase contracts for 30 days after receipt of invoice." Hanners argues that the information he sought by this interrogatory was relevant to show that, contrary to Balfour's assertions, it was not an industry practice to defer payment after receipt of an invoice. The trial court ordered Balfour to divulge the requested information with regard to any peanut dealer that it intended to use as an example at trial in support of its claim as to the applicable practice within the industry of paying invoices. We fail to see how this limiting order could have prejudiced, who, being an experienced peanut dealer, could have acquired from other sources, through the exercise of reasonable diligence, any information that was not provided by Balfour concerning the practice within the industry of paying invoices. Interrogatory 16 was sufficiently answered by Balfour. The requests for admission of facts were objectionable on the ground that they called for Balfour to admit to the meaning of a contested term in the rules of the Southeastern Peanut Association. This Balfour was not required to do. There is no indication that the trial court placed an arbitrary limit on Hanners's right to discovery.
As to the second issue, the record shows that the jury first returned a verdict for Hanners, but failed to award him any damages. Hanners promptly moved for a new trial, arguing that the verdict was inconsistent. Instead of granting Hanners's motion, however, the trial court, with the consent of both parties, recharged the jurors, telling them, in part, to either find for Hanners and award him damages, or to find for Balfour. The only objection made by Hanners to the trial court's second set of instructions was that the court had not recharged the jury on the law of punitive damages. The trial court responded by stating that it had previously charged the jury with respect to punitive damages. Hanners now argues that the trial court's curative instructions were "confusing at best and misleading at worst, and [that] the trial court negated the issue of punitive damages in the minds of the jurors by denying [his] motion to charge the jury again on the issue of punitive damages."
We can find no error on the trial court's part in resubmitting this case to the jury. By recharging the jury, which had already heard all of the evidence, and affording it the opportunity to return a verdict in conformity with the law, the trial court furthered the goal of obtaining the most efficient use of our judicial system. Furthermore, because Hanners's only objection to the trial court's curative instructions involved the court's refusal to reinstruct on the law of punitive damages, he waived any error in connection with the instructions that were actually given. Adriatic InsuranceCo. v. Willingham, 567 So.2d 1282 (Ala. 1990). Finally, the record shows that the trial court had previously instructed the jury on the law of punitive damages. We cannot conclude from our review of the record that the trial court "negated the issue of punitive damages in the minds of the jurors" by denying Hanners's motion to reinstruct the jury on punitive damages.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
MADDOX, SHORES, STEAGALL and INGRAM, JJ., concur. *Page 687