RUSSELL, Judge.
Chesley Barnett brought this action against Charles Sain for injuries sustained in an automobile accident which occurred on December 12, 1988. The jury awarded damages in the amount of $388. Barnett appeals from the trial court’s order denying a motion for new trial, contending that the trial court erred in refusing to grant a new trial on the issue of inadequate and insufficient damages. We affirm.
Initially, we note that in Alabama jury verdicts are presumed to be correct and that the trial court’s denial of a motion for a new trial strengthens this presumption. Ashbee v. Brock, 510 So.2d 214 (Ala.1987). The evidence must be viewed most favorably to the prevailing party, and we may not reverse unless the judgment based on the jury verdict is plainly and palpably wrong. Id.
In addition, when a motion for new trial is based on inadequacy of damages, we should consider “whether the verdict is so opposed to the clear and convincing weight of the evidence as to clearly fail to do substantial justice, and does the verdict fail to give substantial damages for substantial injuries.” O’Daniels v. Bates, 456 So.2d 807, 808 (Ala.Civ.App.1984).
Testimony at the trial in the present case was not recorded; therefore, pursuant to Rule 10(d), Alabama Rules of Appellate Procedure, a statement of evidence, an objection to the statement of evidence, and a supplement to the testimony of Barnett were approved by the trial court as a statement of the evidence or proceedings.
The record reveals that Barnett claimed injuries to his neck and back from a collision in which he was rear-ended by Sain. He submitted medical bills in the amount of $388 to the jury, which was the amount awarded by the jury as damages. Barnett had been involved in another accident in 1986, approximately two years before the 1988 accident, in which he suffered substantial injuries to his back and neck and incurred medical bills of over $26,000. He underwent neck surgery as a result of the injuries from the 1986 accident approximately four months prior to the 1988 accident.
Barnett testified that he began to make slow, steady improvement after the surgery and that he had been released to return to work on November 16, 1988. He said he felt better and was beginning to return to some of the activities in which he had participated before the first accident. After the 1988 accident, he said, he lost the improvement that he had from the surgery and was experiencing the same kind of pain he had before the surgery and after the 1986 accident.
He further testified that the bills claimed in this matter had been paid under a workmen’s compensation claim as a result of the previous accident. He also had been paid through his wife’s insurance for the same claims. Barnett was treated for injuries from the first accident both before and after the present accident. He admitted that in a lawsuit concerning the 1986 accident, he claimed permanent injury even though the hearing in that suit took place six months after the 1988 accident.
In his testimony at deposition, one of Barnett’s doctors stated that the bills were for treatments for pain and that the treatments could have been necessary even without the 1988 accident. There was no way to determine which accident caused the pain. The doctor also stated that Barnett suffered a posterior cervical strain from the accident. As a result of the 1986 accident, Barnett had neck surgery to help with some of the problems; however, he also had pain in the lower back from the 1986 accident.
Barnett claims that, because there were only two uncontested medical bills submitted to the jury, which equalled the amount awarded by the jury, he was awarded only the amount of the medical bills and was not compensated for pain and suffering. Therefore, he claims, the trial court erred by not granting a new trial.
*1218 Damages are considered inadequate when they are insufficient to compensate for proven expenses and are also inadequate when they do not compensate for pain and suffering. Grayson v. Alexander, 347 So.2d 108 (Ala.Civ.App.1977).
However, here the jury could have determined that a portion of the pain or of the bills was derived from injuries from the 1986 accident. Furthermore, the jury may have considered the conflict in Barnett’s testimony that prior to the 1988 accident he was recovering, yet six months after the 1988 accident he testified at trial for his 1986 accident that he had been permanently disabled. The jury also may have considered the fact that Barnett was claiming medical bills that had been paid twice. Therefore, we cannot find that the jury did not award any amount for pain and suffering.
Because of the above, and because we cannot find that “the verdict was so opposed to the clear and convincing weight of the evidence as to clearly fail to do substantial justice,” we hold that the trial court did not err in denying the motion for a new trial. This case is due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.