L. CHARLES WRIGHT, Retired Appellate Judge.
In 1984 the Najors entered into a contract with Pensacola Pools to replace their swimming pool liner and to do the requisite maintenance work. The contract was performed.
In 1990 the Najors and Pensacola Pools again contracted for Pensacola Pools to replace the Najors’ swimming pool liner and to do the necessary maintenance work on the pool. The contract price was $4,850. The Najors paid Pensacola Pools a $1,500 deposit. Pensacola Pools ordered the liner at a wholesale cost of $464.
After entering into the contract, the Na-jors contacted other pool companies and requested quotes on the pool. The Najors found that the price given to them by Pensacola Pools was higher than all the other quotes. They contacted Pensacola Pools and instructed its representative not to proceed with the repairs. They asked Pensacola Pools to renegotiate its repair estimate. It refused to do so and refused to refund the Najors’ $1,500 deposit.
*295 Prior to the termination of the agreement, the Najors discussed with a representative of Pensacola Pools methods that they could use to conserve money on the repairs. The representative informed them that they could conserve money by removing the concrete decking around the pool themselves. After terminating the agreement with Pensacola Pools, the Najors removed the decking themselves. The walls of the pool caved in, eventually requiring the installation of a new pool.
In March 1991 the Najors filed a complaint against Pensacola Pools, alleging conversion, negligence and intentional misconduct, and money had and received. The case was submitted to the jury on three counts: a negligence count for the alleged negligent installation of a pool liner in 1984, a negligence count for the alleged negligence in failure to warn concerning the effect of the removal of the pool decking, and a count for money had and received in the sum of $1,500. The jury returned a verdict in the Najors’ favor on the money had and received count in the amount of $980 plus interest. The jury returned a verdict in favor of Pensacola Pools on both the negligence counts. The Najors appeal.
The Najors assert that the jury verdict was against the clear weight of the evidence and that the award was inadequate.
On appeal, an appellant is precluded from questioning the sufficiency of the evidence to support the jury’s verdict or arguing that such verdict is against the great weight of the evidence unless the appellant raised these issues in a motion for new trial. Tuskegee Wholesale Grocery Co. v. Thompson, 404 So.2d 74 (Ala.Civ.App.1981). Likewise, a claim on appeal that the damages were inadequate will not be reviewed unless such a claim was first presented to the trial court by a motion for new trial. Broughton v. Kilpatrick, 362 So.2d 865 (Ala.1978); Mixon v. Seaboard System R.R., 548 So.2d 1034 (Ala.1989). The Najors did not file a motion for new trial. This court is, therefore, precluded from addressing their initial contentions.
The Najors next assert that they were prejudiced by certain rulings of the trial court, including its refusal to give and the giving of certain jury charges, relating to the status of Pensacola Pools as an unlicensed general contractor and as an unqualified foreign corporation.
The issue concerning the failure of Pensacola Pools to procure a general contractor’s license or foreign corporation permit, if relevant at all, would be relevant only to the money had and received count. The Najors received a favorable jury verdict on that count. The error, if any, in the trial court’s refusal to consider the unlicensed-foreign corporate status of Pensacola Pools or to instruct the jury on that status would be harmless. Lipham v. McElroy, 57 Ala.App. 96, 326 So.2d 290 (Ala.Civ.App.1976).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.