781 So.2d 207 (2000)
RELIABLE MECHANICAL, INC.
v.
INTEGRATED CONSTRUCTION SERVICES, INC.
1971092.
Supreme Court of Alabama.
September 22, 2000.
George M. Walker, Caine O'Rear III, and Lisa Tinsley O'Hara of Hand Arendall, L.L.C., Mobile; and Stuart E. Smith of Bell, Richardson, Smith & Callahan, P.A., Huntsville, for appellant.
J. Allen Brinkley and Richard Chesnut of Brinkley & Chesnut, Huntsville, for appellee.

On Application for Rehearing
BROWN, Justice.
APPLICATION OVERRULED.
HOOPER, C.J., and MADDOX, COOK, LYONS, JOHNSTONE, and ENGLAND, JJ ., concur.
SEE, J., dissents.
SEE, Justice (dissenting).
On original submission, I concurred in the judgment affirming the trial court's judgment without an opinion, pursuant to Rule 53, Ala.R.App.P. After considering the arguments of the appellant, Reliable Mechanical, Inc., on its application for rehearing, I would now affirm the trial court's judgment, conditioned on the appellee's accepting a $119,170.20 remittitur of the punitive-damages award, reducing the punitive-damages award from $315,000 to $195,829.80.
The jury found for Integrated Construction Services, Inc., on its claim alleging that Reliable had conspired to convert a check belonging to Integrated, and the jury awarded compensatory damages of $267.60. This amount, however, does not represent the full measure of the injury found by the jury. The trial court had instructed the jury to reduce any compensatory-damages award on the conspiracy claim by the amount of a pro tanto settlement of $65,000 that had been paid to Integrated by the dismissed defendant, Liberty National Bank. Absent evidence to the contrary, we must assume the jury followed the court's instruction. See John Crane-Houdaille, Inc. v. Lucas, 534 So.2d 1070, 1073 (Ala.1988). Thus, the measure of damages was $65,267.60. See id.
The converted check itself had been returned to Integrated before this lawsuit was filed. The trial court instructed the jury that Integrated's recovery of the converted check before trial reduced the amount of its damages "by the value of the [converted] property at the time it is returned." The amount of the check was $40,146.21. The trial court's instruction was a correct statement of law, but it does not mean that the jury found that the total actual damages suffered by Integrated on the conspiracy claim was the sum of the value of the converted property (the check for $40,146.21), the amount of the pro tanto settlement ($65,000), and the amount of the compensatory damages actually awarded by the jury ($276.60), that is, $105,422.81.

*208 "The measure of compensatory damages for conversion, particularly with property that fluctuates in value, is either its fair market value on the date of conversion, or its value at any time subsequent to conversion and before trial, whichever is greater, with interest from the date of the conversion; recovery of the property by the plaintiff does not bar a suit for conversion but merely reduces the plaintiff's damages by the value of the property at the time of its return."
Brown v. Campbell, 536 So.2d 920, 922 (Ala.1988). In this case, the value of the converted property when it was returned was the same as when it was converted $40,146.21. Thus, the $40,146.21 face value of the check was not a component of the compensatory damages, and the measure of Integrated's compensatory damages was only the interest lost on that money (apparently, $276.60) during the time it was converted, and not the face value of the converted check. Therefore, the jury found that Integrated had suffered actual damage of $65,276.60. Accordingly, the amount of compensatory damages against which the punitive damages of $315,000 must be compared is $65,276.60.
The ratio of punitive damages to compensatory damages in this case is almost 5:1. Because the ratio of punitive damages to compensatory damages exceeds the benchmark ratio of 3:1, there must be "special justification" for that deviation. Life Ins. Co. of Georgia v. Johnson, 701 So.2d 524, 539 (Ala.1997) (See, J., concurring in part and dissenting in part). In my special writing in Johnson, I stated:
"`To justify a punitive damages award of greater than three times compensatory damages, I would define the Green Oil [Co. v. Hornsby, 539 So.2d 218 (Ala. 1989),] factor of reprehensibility to require: (1) endangerment of the physical health and safety of others; or (2) economic harm resulting from an intentional misrepresentation, deceit, or concealment of a material fact, as set out in Ala.Code 1975, 6-11-20(b)(1), coupled with either (a) conduct repeated in spite of prior punishment, or (b) a substantial number of similar misrepresentations or acts of concealment.'"
701 So.2d at 539 (quoting BMW of North America v. Gore, 701 So.2d 507, 522 (Ala. 1997) (Houston, J., concurring in the result)). This case involves only economic harm resulting from Reliable's intentional tortious conduct, and the record gives no indication that Reliable has engaged in the same or similar misconduct in the past. Therefore, I find no special justification for deviating from the 3:1 benchmark. Accordingly, I would order a remittitur of Integrated's punitive-damages award to an amount three times the compensatory damages, that is, $195,829.80.