THOMPSON, Presiding Judge.
Willie C. Flowers (“Flowers”) and Mary J. Flowers (“Mary”) sued Eleanor Tyler Dean seeking damages for injuries Flowers alleged he sustained as a result of an automobile accident he alleged had been caused by Dean. Mary sought to recover on a claim alleging loss of consortium. Dean answered and denied liability.
The matter was tried before a jury. The jury returned verdicts in favor of Flowers and Mary (hereinafter referred to collectively as “the plaintiffs”). The jury awarded Flowers $99,000 in damages and awarded Mary $1,000 on her claim of loss of consortium. On October 17, 2007, the trial court entered a judgment on the jury verdicts. The plaintiffs filed a motion for a new trial, and that motion was denied by operation of law. The plaintiffs timely appealed, and the appeal was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
As the parties who prevailed in the trial court, the plaintiffs could raise on appeal only issues pertaining to the adequacy of the damages awards. Ex parte Vincent, 770 So.2d 92 (Ala.1999); DeBar- *1246 deleben v. Tynes, 290 Ala. 263, 267, 276 So.2d 126, 130 (1973); and Lowry v. Garrett, 792 So.2d 1119, 1120-21 (Ala.Civ.App.2001). The plaintiffs contend in their brief submitted to this court that the evidence they presented to the jury demonstrates that the damages awards were inadequate. We conclude, however, that the plaintiffs failed to raise the issue of the purported inadequacy of the damages awards to the trial court and, therefore, that they failed to preserve the issue for appellate review.
An argument that a jury verdict was inadequate may not be considered by an appellate court when the prevailing party failed to file in the trial court a motion for a new trial alleging that the award of damages was inadequate. Mixon v. Seabord Sys. R.R., 548 So.2d 1034 (Ala.1989); see also Najor v. Pensacola Pools, Inc., 607 So.2d 294, 295 (Ala.Civ.App.1992) (“[A] claim on appeal that the damages were inadequate will not be reviewed unless such a claim was first presented to the trial court by a motion for new trial.”). Our supreme court has stated:
“The only way to get the question of an excessive or inadequate verdict before the trial court is on a motion for a new trial. There is no other way that a trial judge can rule on it, and such a ruling is necessary to preserve the question for appeal.”
State v. Long, 344 So.2d 754, 756 (Ala.1977).
In this case, the plaintiffs filed a motion for a new trial in which they contested only the sufficiency of the evidence supporting the jury’s verdict. That motion reads:
“COMES NOW Plaintiffis] Willie C. Flowers and Mary J. Flowers by undersigned counsel and hereby move this Honorable Court for a new trial and as grounds therefore would show as follows:
“1. Plaintiffs aver that the verdict or ruling is contrary to the evidence.
“2. Plaintiffs aver that the evidence does not support the verdict.
“3. Plaintiffs aver that the verdict is not supported by the evidence in sufficient measure required by law.
“4. Plaintiffs aver that the verdict is contrary to the great weight of the evidence.
“5. Plaintiffs aver that the verdict is contrary to the law and evidence.
“WHEREFORE Plaintiffs pray that this Honorable Court will reconsider the [judgment] entered in the record on October 17, 2007, and set this matter for a new trial. Plaintiffs pray for such other and further relief as this Court deems just and proper in the premises.”
The plaintiffs allege in their brief submitted to this court that “[a]fter the jury verdict, [the plaintiffs] filed a motion for a new trial wherein they alleged the damages’ inadequacy.” Based on the above-quoted motion for a new trial, we cannot agree. The questions to be raised in a motion for a new trial based on allegations that an award of damages is inadequate are “ ‘whether the verdict is so opposed to the clear and convincing weight of the evidence as to clearly fail to do substantial justice, and [whether it fails] to give substantial damages for substantial injuries.’” Kinard v. Davis, 594 So.2d 157, 158 (Ala.Civ.App.1992) (quoting O’Daniels v. Bates, 456 So.2d 807, 808 (Ala.Civ.App.1984)); see also Barnett v. Sain, 599 So.2d 1216, 1217 (Ala.Civ.App.1992) (same).
In Benson v. Vick, 460 So.2d 1309 (Ala.Civ.App.1984), this court considered whether a motion for a new trial was sufficient to raise the issue of the inadequacy of awards of damages. In that case, five plaintiffs sought damages related to an *1247 automobile accident. The jury awarded damages to each of the plaintiffs; three plaintiffs were awarded $1 as damages. The plaintiffs filed a motion for a new trial, contending that the damages awards were inadequate. The trial court denied the motion, and this court reversed as to one of the plaintiffs and affirmed as to the other plaintiffs. Benson v. Vick, supra. In reaching its holding, this court noted that the defendant-appellee had contended before this court that the plaintiffs’ allegations in their motion for a new trial were not sufficient to preserve for appellate review the issue of the inadequacy of the damages awards. This court rejected the defendant-appellee’s argument, explaining:
“The grounds set out in a motion for a new trial must sufficiently specify the precise error that is alleged to have occurred. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America v. Hatas, 287 Ala. 344, 252 So.2d 7 (1971).
“The plaintiffs’ motions for a new trial made several references to an inadequate award. In fact, there were nine grounds in the motions that referred to damages. One specifically stated that ‘damages awarded failed to compensate the plaintiff for pain and suffering.’ This is more than a mere general allegation.”
Benson v. Vick, 460 So.2d at 1313 (emphasis added).
Unlike the plaintiffs in Benson v. Vick, supra, in their motion for a new trial, the plaintiffs in this case did not mention or reference the awards of damages. Further, the plaintiffs’ motion for a new trial does not address the factors to be considered in evaluating the adequacy of a damages award, i.e., the plaintiffs did not allege that the damages awards did not do substantial justice or that the damages awards failed to compensate the plaintiffs for substantial injuries. See Kinard v. Davis, 594 So.2d at 158. Accordingly, we conclude that, by failing to present the issue to the trial court, the plaintiffs failed to preserve their argument concerning the purported inadequacy of the awards of damages for this court’s review. Benson v. Vick, supra; Najor v. Pensacola Pools, Inc., supra.
On appeal, the plaintiffs also raise an issue pertaining to the racial composition of the jury. In Ex parte Weyerhaeuser Co., 702 So.2d 1227, 1228 (Ala.1996), our supreme court held that this court had improperly considered on appeal the prevailing party’s argument that the trial court had erred in refusing to strike three jurors for cause. It does not appear that, in asserting her argument pertaining to the jury, the prevailing party in Ex parte Weyerhaeuser made an attempt to relate that argument to the issue of the purported inadequacy of the damages awards. See Sewell v. Webb, 702 So.2d 1222 (Ala.Civ.App.1995), rev’d, Ex parte Weyerhaeuser, supra. In this case, in an apparent attempt to relate their argument to the inadequacy of the damages awards, the sole issue they may maintain on appeal, the plaintiffs contend that the composition of the jury negatively affected the amount of damages they were awarded.
We do not need to determine whether the plaintiffs’ argument pertaining to the racial composition of the jury was related to the issue of the purported inadequacy of the damages awards, as they claim in their brief on appeal.[1] As *1248 already stated, the issue of the alleged inadequacy of the damages was not raised in any form before the trial court, and, therefore, it was not preserved. In addition, the issue of the racial composition of the jury may not be raised for the first time on appeal. Norman v. Bozeman, 605 So.2d 1210, 1214 (Ala.1992) (“Our review is limited to the issues that were before the trial court — an issue raised on appeal must have first been presented to and ruled on by the trial court.”). Therefore, we must conclude that the plaintiffs also failed to preserve this argument for appellate review.
The plaintiffs have failed to demonstrate error on appeal, and, therefore, we affirm.
AFFIRMED.
PITTMAN and BRYAN, JJ., concur.
THOMAS, J., concurs in the result, without writing.
MOORE, J., concurs in the result, with writing.

. In asserting their argument pertaining to the composition of the jury, the plaintiffs acknowledge that they did not raise an objection to the composition of the jury at the time the jury was seated, and they concede that the jury composition would survive challenges *1248 under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The plaintiffs contend on appeal that the composition of the jury violated their rights under the Sixth Amendment to the United States Constitution and that that violation is different from a Batson challenge; as explained in the text of this opinion, this court may not reach that argument.