MOORE, Judge,
concurring in the result.
I concur in the result. I acknowledge that “a claim on appeal that the damages were inadequate will not be reviewed unless such a claim was first presented to the trial court by a motion for new trial.” Najor v. Pensacola Pools, Inc., 607 So.2d 294, 295 (Ala.Civ.App.1992). In the present case, the Flowerses filed a motion for a new trial asserting, among other things, “that the verdict [was] contrary to the evidence.” Because the verdict was in the Flowerses’ favor, their motion clearly attacked the amount of damages awarded. Thus, I conclude that the allegations in the Flowerses’ motion for a new trial were sufficient to preserve the issue of the adequacy of damages.
Having decided that the issue of the adequacy of the damages was properly preserved, I now address the merits of the Flowerses’ appeal.
“[I]n Alabama!,] jury verdicts are presumed to be correct and ... the trial court’s denial of a motion for a new trial strengthens this presumption. Ashbee v. Brock, 510 So.2d 214 (Ala.1987). The evidence must be viewed most favorably to the prevailing party, and we may not reverse unless the judgment based on the jury verdict is plainly and palpably wrong. Id.”
Barnett v. Sain, 599 So.2d 1216, 1217 (Ala.Civ.App.1992). “Damages are considered inadequate when they are insufficient to compensate for proven expenses and are also inadequate when they do not compensate for pain and suffering.” Barnett, 599 So.2d at 1218.
In the present case, the Flowerses argue that the damages award to Mr. Flowers is insufficient because, they say, it does not compensate Mr. Flowers for his pain and suffering and it does not give substantial compensation for substantial injuries.[2] At trial, Mr. Flowers testified that, as a result of the accident, he had incurred $34,125.17 in outstanding medical bills and $34,960 in lost wages. He also testified that his medical insurer had paid $7,229 in medical bills on his behalf. Mr. Flowers testified that he had suffered pain in his *1249 neck, back, shoulders, and limbs as a result of the accident. He further testified that, as of the time of trial, his neck and back pain continued. Finally, Mr. Flowers testified that, in his opinion, he had suffered a 25% impairment in hearing loss as a result of his ear being severed in the automobile accident.
After deducting Mr. Flowers’s medical expenses and lost wages from the total damages award, he is still left with $22,685.83 to compensate him for his pain and suffering. Giving the jury’s verdict due deference, I cannot conclude that $22,685.83 is insufficient to compensate Mr. Flowers for his pain and suffering. Therefore, I concur in affirming the trial court’s judgment.

. The Flowerses do not advance any argument regarding the damages award to Mrs. Flowers for her loss-of-consortium claim.