On Remand from the Alabama Supreme Court'

PER CURIAM.
This case involves a retaliatory-discharge claim asserted against M & J Materials, Inc. (“the employer”), by Stanford D. Isbell (“the employee”). This court previously reversed the trial court’s judgment on the jury’s verdict in favor of the employee, holding that the employee had failed to make a prima facie case of retaliatory discharge. M & J Materials, Inc. v. Isbell, 153 So.3d 1 (Ala.Civ.App.2010). The employee filed a petition for certiorari review, and our supreme court reversed the judgment of this court. See Ex parte Isbell, 153 So.3d 8 (Ala.2013). In its opinion, the supreme court noted the following:
“Our reversal of the judgment of the Court of Civil Appeals on the issue of [the employee]’s prima facie ease for retaliatory discharge revives two issues [the employer] argued in its appeal of the jury verdict that the Court of Civil Appeals did not reach. In its appeal, [the employer] contended that the trial court erred when it reinstructed the jury after the jury initially returned an inconsistent verdict rather than ordering a new trial. It also contended that the punitive-damages verdict of $70,000 was excessive under the factors for evaluating the excessiveness of such an award provided in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589,134 L.Ed.2d 809 (1996), Hammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986), and Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989). Because the judgment of the Court of Civil Appeals pre-termitted consideration of those issues, we remand the case to the Court of Civil Appeals for consideration of those issues. See Ex parte Wood, 69 So.3d [166] at 172 [ (Ala.2010) ].”
153 So.3d at 23. This court, in conformity with the mandate of the supreme court, will now address those issues.

Reinstruction

The trial court, in its order denying the employer’s renewed motion for a judgment as a matter of law (“JML”), stated as follows:
“By polling the jury upon announcement of its first verdict, the Court did *26 not ‘accept’ the jury’s flawed verdict. The Court certainly did not accept the verdict as final. This Court is satisfied that the first verdict was an inconsistent verdict in that the jury found no compensatory damages but awarded punitive damages; therefore, that verdict failéd to conform to Alabama law. Further, in recharging the jury on compensatory and punitive damages, the Court did not unduly emphasize one over the other, or[ the employee over the employer]. And, this Court was concerned over the possibility of having to try the entire case, with all ten witnesses and twelve exhibits, again.
“Based on the authority of Hanners v. Balfour Guthrie, Inc., 589 So.2d 684 (Ala.1991), [the employer’s request] to award it a new trial because the Court instructed the jury to deliberate again is DENIED.”
The trial court’s reasoning is sound, notwithstanding the employer’s insistence that that court erred in failing to order a new trial in response to the initial product of the jury’s efforts to reach a verdict. The common thread that unites all the authorities cited by the employer in its appellate brief addressing this issue[1] is that, in each case cited, there is no indication that the pertinent trial court rejected the inconsistent verdict, as the trial court did in this case in response to the jury’s awarding only punitive damages; rather, it instead appears that, in each case cited, a judgment was entered on the inconsistent verdict. In contrast, in Hanners v. Balfour Guthrie, Inc., 589 So.2d 684 (Ala.1991), upon which the trial court relied in determining that it had not erred in reinstruct-ing the jury, our supreme court expressed approval of the very action taken by the trial court here, i.e., directing a jury that had reached an inconsistent verdict to resolve the inconsistency but not instructing the jury to resolve it in favor of any particular party:
“[T]he record shows that the jury first returned a verdict for [the plaintiff], but failed to award him any damages. [The plaintiff] promptly moved for a new trial, arguing that the verdict was inconsistent. Instead of granting [that] motion, however, the trial court, with the consent of both parties, recharged the jurors, telling them, in part, to either find for [the plaintiff] and award him damages, or to find for [the defendant]....
“We can find no error on the trial court’s part in resubmitting this case to the jury. By recharging the jury, which had already heard all of the evidence, and affording it the opportunity to return a verdict in conformity with the law, the trial court furthered the goal of obtaining the most efficient use of our judicial system.”
589 So.2d at 686; see also Robert P. Stapp Mach. Co. v. Russell, 277 Ala. 84, 86-87, 167 So.2d 167, 169 (1964) (noting that a verdict must have not only the approval of the jury, but also the approval of the trial judge; that a verdict is not a finding by the jury until such judicial approval is given; and that, as a general rule, a jury has the right and power upon resubmission to change its verdict at any time before the verdict has been accepted by the trial court). The trial court’s denial of the employer’s new-trial request based upon the reinstruction was, therefore, proper.

Excessiveness of the punitive-damages award

As we noted in our prior opinion, the employer asserted in its postjudgment mo *27 tion that the punitive-damages award was excessive under common-law principles.[2] Apart from citing the need for review of the punitive-damages award based upon the holdings of three leading cases concerning the propriety of punitive-damages awards at common law (BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), and Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989)), the employer made no other substantive contentions in the trial court regarding the punitive-damages award; the employer averred generally that “[t]he amount of punitive damages awarded should not exceed ... a ratio of 3:1 or 4:1 [to compensatory damages] at most as required by Alabama law.” The employer’s motion did not request a hearing pursuant to Rule 59(g), Ala. R. Civ. P., and the trial court denied the postjudgment motion in its entirety after the expiration of a scheduled period for briefing set by that court; the employer raises no issue regarding the absence of a hearing, which is not mandated in the absence of a request therefor, see Phillips v. Randolph, 828 So.2d 269, 279 (Ala.2002).
With respect to the permissibility of the $70,000 punitive-damages award, the trial court noted in its postjudgment order the factors set forth in Gore, i.e., “(1) the reprehensibility of the defendant’s conduct; (2) the ratio between the award of punitive and compensatory damages; and (3) a comparison of the award of punitive damages to the civil or criminal penalties that could be imposed for comparable misconduct.” Montgomery Coca-Cola Bottling Co. v. Golson, 725 So.2d 996, 1000 (Ala.Civ.App.1998). In considering those factors, the trial court stated in its post-judgment order (1) that the reprehensibility of the employer’s misconduct could be inferred from “the length of time between the gun incident and the investigation/statement gathering,” “the length of time between the investigation/statement gathering and the submitting of a police [incident] report,” and the solicitation of informal advice from an off-duty police officer before the employee’s employment was terminated; (2) that the 14:1 ratio between punitive damages and compensatory damages was not excessive because of “the gravity of wrongfully depriving [the employee] of ... a job he had held for several years, the chilling effect of retaliatory discharges, [and] the low amount of compensatory damages awarded to [the employee]”; and (3) that no other civil or criminal penalties existed regarding retaliatory discharges from employment proscribed by Ala.Code 1975, § 25-5-11.1, that would render meaningful a comparison of the punitive-damages award to other permissible civil or criminal sanctions.
In discussing the three Gore factors in its appellate brief as they pertain to its insistence that the punitive-damages award should be ordered remitted to $15,000, the employer concedes that no other civil or criminal penalties exist in the wrongful-termination setting, a fact that Alabama caselaw has also recognized. See Mercy Med. v. Gray, 864 So.2d 354, 368-69 (Ala.Civ.App.2002) (quoting AutoZone, Inc. v. Leonard, 812 So.2d 1179, 1188 (Ala.2001)). Secondly, as to reprehensibility, the employer flatly asserts that the employee admitted to having brought a gun into the employer’s plant and insists that the employer “acted appropriately” in discharging the employee from his employment — an argument that simply cannot be *28 credited after the supreme court’s binding assessment of the correctness of the trial court’s judgment entered on the jury’s verdict finding against the employer on the retaliatory-discharge issue.
In the context of the “ratio” factor specified in Gore, the employer, citing dicta in Flint Construction Co. v. Hall, 904 So.2d 236, 254 (Ala.2004) (which involved a judgment containing a punitive-damages award that was less than the corresponding compensatory-damages award), and special writings of two former justices of our supreme court,[3] contends for the existence of, and the application of, a “single-digit” ratio limitation upon awards of punitive damages. The contention made by the employer finds firmer precedential footing in Justice Kennedy’s analysis of Gore ⅛ ratio factor in State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003), in which, writing for the Court, Justice Kennedy noted that, “in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process” and that, more specifically, any ratio of punitive damages to compensatory damages amounting to more than four to one approaches “the line of constitutional impropriety.” 538 U.S. at 425.
Such statements do, and should, give this court pause in affirming the punitive-damages component of the trial court’s judgment, which is 14 times the compensatory-damages award. Unlike in Tanner v. Ebbole, 88 So.3d 856 (Ala.Civ.App.2011), or Engineered Cooling Services, Inc. v. Star Service, Inc. of Mobile, 108 So.3d 1022 (Ala.Civ.App.2012), two cases in which larger ratios were deemed permissible because of the presence of a nominal compensatory-damages award, the jury in this case determined that $5,000 would fully compensate the employee. Although the termination of the employee from his employment was, as the employee states, an intentional act, we are not confronted in this case with a situation in which “ ‘the injury is hard to detect or the monetary value of noneconomic harm might have been difficult to determine.’” State Farm, 538 U.S. at 425 (quoting Gore, 517 U.S. at 582). We are thus aware of no factor that would take this case out of the general rule, set forth by the United States Supreme Court, that a punitive-damages award exceeding four times the amount of compensatory damages is outside the limits of due process.
Based upon the foregoing facts and authorities, the judgment of the trial court is affirmed, on the condition that the employee file with this court, within 28 days, an acceptance of a remittitur of the punitive damages assessed against the employer from $70,000 to $20,000; otherwise, the judgment against the employer will be reversed and the case remanded for a new trial. See Ala.Code 1975, § 12-22-71.
AFFIRMED CONDITIONALLY.*
PITTMAN and THOMAS, JJ., concur.
THOMPSON, P.J., and MOORE and DONALDSON, JJ., concur in the result, without writings.

. See Davis v. Hanson Aggregates Southeast, Inc., 952 So.2d 330 (Ala.2006); Life Ins. Co. of Georgia v. Smith, 719 So.2d 797 (Ala.1998); Alabama Power Co. v. Epperson, 585 So;2d 919 (Ala.1991); and Monteleone v. Trail Pontiac, Inc., 395 So.2d 1003 (Ala.Civ.App.1980).

. The employer neither raised in the trial court nor argued in its appellate brief the potential operation of any statutory cap on punitive damages codified at Ala.Code 1975, § 6-11-21, including the cap applicable to “small business” entities.

. See Orkin Exterminating Co. v. Jeter, 832 So.2d 25, 43 (Ala.2001) (Houston, J., concurring specially), and Reliable Mech., Inc. v. Integrated Constr. Servs., Inc., 781 So.2d 207, 207 (Ala.2000) (See, J., dissenting).

 Note from the reporter of decisions: On December 27, 2013, the appellee filed a acceptance of remittitur. On January 10, 2014, the Court of Civil Appeals issued a certificate of judgment stating: "There being an acceptance of remittitur, the judgment is affirmed.”